[L. A. No. 6330. In Bank.—March 31, 1921.]

WILLIAM MEAD, Plaintiff, Respondent and Appellant, v.
THE CITY OF LOS ANGELES (a Municipal Corpo-
ration), et al., Defendants and Respondents; MARY
RIDEOUT, Intervener, Respondent and Appellant.·

[1] ELECTIONS — GENERAL MUNICIPAL AND SPECIAL MUNICIPAL ELEC-
TIONS HELD AT SAME TIME—SEPARATE BALLOT-BOXES AND EQUIP-
MENT NOT REQUIRED.—A special municipal election held pursuant
to the Municipal Bond Act (Gen. Laws 1915, p. 1151, sec. 12¾)
is not invalidated by the fact that a general municipal election
was held at the same time and that the same ballot-box, roster
of voters, poll-lists, lists of assisted voters, and lists of challenged
voters were used in the two elections, since the general state elec-
tion laws require separate ballot-boxes and separate equipment
only where a general election and an election of municipal officers
are held at the same time.

[2] ID.—ELECTION OFFICERS—PERFORMANCE OF OFFICIAL DUTY—PRE-
SUMPTION.—In view of subdivision 15 of section 1963 of the Code
of Civil Procedure, it is presumed that persons appointed to act as
election officials at both a general election and a special election
held on the same day regularly performed their official duty in
both elections.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Overton, Lyman & Plumb, and Wm. B. Himrod for
Plaintiff, Respondent and Appellant.

Edgar G. Pratt and Henry M. Willis for Intervener, Re-
spondent and Appellant.

Charles S. Burnell, City Attorney, W. B. Mathews, Lewis
E. Whitehead, Ray C. Eberhard and Trent G. Anderson
for Defendants and Respondents.

LENNON, J.—Plaintiff, William Mead, brings this action
as a taxpayer against the city of Los Angeles and its offi-
cials to obtain a judgment decreeing a certain bond issue
of the city of Los Angeles unauthorized and void and to
restrain the city and its officials from issuing said bonds or

expending any part of the proceeds thereof. Mary Rideout, also a taxpayer, by permission of the lower court, filed a complaint in intervention, joining with the plaintiff in seeking the same relief. Defendant answered plaintiff's complaint and the complaint in intervention, and the case was tried, the court rendering its decision against the plaintiff and intervener. A judgment was entered decreeing that neither the plaintiff nor intervener take anything by this action. Both plaintiff and intervener have appealed.

The undisputed facts are these: An ordinance was adopted providing for the holding of a general municipal election in the city of Los Angeles on June 3, 1919. An ordinance was also adopted calling a special election to be held in the same city on the same day for the purpose of submitting to the voters the question of the authorization of a thirteen million five hundred thousand dollar bond issue for raising money to be used in the acquisition of a certain municipal improvement, to wit, works and a distributing system for supplying the city and its inhabitants with electricity for light, heat, and power. The general and special elections were not consolidated and two ballots were furnished to each voter, a general municipal ballot and a special ballot which contained only the bond election proposition. The elections were held on the same day and the election precincts established, the polling places designated, and the election officials appointed were identical in the two elections. In each of the various polling places there were in use for the two elections only one ballot-box, one register containing the affidavits of registered voters, one roster of voters, one poll-list, one list of assisted voters and one list of challenged voters. In view of the fact that the general and special elections were not consolidated, the failure to provide separate ballot-boxes and lists of various kinds to be exclusively used in the special election is claimed by appellants to have constituted a noncompliance with the election laws, which invalidated the special election.

The special election was held pursuant to the Municipal Bond Act (Gen. Laws 1915, p. 1151, sec. 12¾), which provides: "Any election submitting the proposition of incurring indebtedness and the issuance of bonds called pursuant to the provisions of this act may be held separately, or may be consolidated with any other election authorized by law at

which the qualified voters of such city, town, or municipal corporation are entitled to vote. . . . '' There is, therefore, no question as to the validity of the separation of the two elections, nor do appellants question the use of the same polling places and the appointment of the same individuals as election officials in the two elections. The sole contention is that, where two elections are held on the same day, the ballot-boxes, rosters of voters, poll-lists, lists of assisted voters, and lists of challenged voters used in the two elections must be entirely separate and distinct.

In all particulars not recited in the ordinance calling the special election, the above-mentioned Municipal Bond Act provides that the election shall be held as provided by law for holding municipal elections in the municipality, and the ordinance calling the special election here in controversy expressly adopted that law as the law governing the holding of that election. Section 202 of the Los Angeles charter provides: ''All elections shall, except as in this charter otherwise provided, be conducted and held in accordance with the provisions of the laws of the state for the holding of general elections in effect at the time.''. Since the city charter does not provide in detail the machinery for conducting elections, we must look to the state laws in effect at the time to determine the proceedings necessary to a valid election.

[1] A perusal of the sections of title II of part III of the Political Code pertaining to the general state law on elections discloses no such requirements as contended for by appellants. Among other things, these sections require the following at each election: A ballot-box in each polling place (Pol. Code, sec. 1203); that each person desiring to vote shall write his name on a roster of voters, which signatures must be compared by the election officers with the signatures on the register of voters and the number of the ticket given the voter must be written on the register opposite the name of the voter (Pol. Code, sec. 1204); that, upon the ballot being returned by the voter after voting, the word ''voted'' shall be written on the register after the name of the person and number of the ballot (Pol. Code, sec. 1205). Section 1174 of the Political Code requires the boards and clerks of elections to keep poll-lists, or lists of the numbers and names of the persons voting. Section 1208 provides

for the keeping of a list of assisted voters, and section 1243 for a list of challenged voters. A complete record of each election in the particulars specified is essential, but nowhere is there any provision that, where two elections are called at the same time, and not consolidated, the records or equipment of one election must be separate and distinct from that of the other, except where a general election and an election of municipal officers are held at the same time. In such a case, section 1203 of the Political Code expressly provides that there shall be a separate ballot-box for each election. Here, however, both elections were municipal.

In the present case, complete records of the vote and general proceedings of each election were kept and returned. At each precinct, for example, was a single roster of voters, kept and returned as a part of each election. Surely it cannot be said that such a roster, kept by the election officials for both elections, was kept in one election exclusively. It contained the signatures of those voting at the special election as well as of those voting at the general municipal election, and there is no law determining that such a roster can be a part of only one election, and there is no evidence that it pertained more to one election than to the other. It is fully as accurate to say that the roster was returned in connection with the special election as to say that it was returned in connection with the general municipal election. The roster is complete as to each, and not as to any one more than as to the other. The same may be said of the register of voters, the poll-lists and the lists of assisted and challenged voters. As the general state law now stands, with the single exception that separate ballot-boxes must be used when a general election and an election for municipal officers are held at the same time, one record for two elections and the use of the same ballot-boxes are just as permissible as the appointment of the same persons to act in the capacity of election officials or the use of the same polling places in the two elections.

[2] Appellants contend that, by the use of one roster and register, there was danger of fraud for the reason that it was possible for the election officials to deliver only the general municipal ballot to many electors and thus withhold a considerable number of special election ballots. In that event, it is claimed, the election officers could have placed the

number of a special election ballot after the names of the voters of the general municipal tickets and voted the ballots themselves, or deposited them as blank ballots. There was no showing of any fraudulent conduct on the part of the election officials. Certain persons were appointed to act as election officials at both the general and special elections and it is presumed that they regularly performed their official duty in both elections. (Code Civ. Proc., sec. 1963, subd. 15.) In the absence of a showing of actual fraud, the argument advanced by appellants amounts to nothing more than an argument for protective legislation, for, as previously stated, the law as it now stands does not require that a record of a given election be preserved wholly distinct and separate from that in any other election. If a complete record has been kept, that is a sufficient compliance with the law, and it is immaterial that that record may also be the record of another election held at the same place and time.

Since, so far as appears from the record in the instant case, the requirements of the law were observed in the holding of the special bond election, it must be held valid, and appellants are, therefore, not entitled to the relief prayed for.

The judgment is affirmed.

Sloane, J., Olney, J., Shaw, J., Wilbur, J., Lawlor, J., and Angellotti C. J., concurred.