[Civil No. 3140.  Filed March 30, 1932.]

[9 Pac. (2d) 413.]

THE TOWN OF FLORENCE, a Municipal Corporation, Appellant, v. E. J. WEBB and SALLY DOE WEBB, His Wife, Appellees.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellant.

Mr. W. L. Barnum, for Appellees.

LOCKWOOD, J.—The town of Florence, a municipal corporation, hereinafter called appellant, undertook to widen a portion of Main Street in said town, which involved the taking of a ten-foot strip from ten different parcels of land. The statutory proceedings set forth in article 15, chapter 12, Rev. Code 1928 (Section 466 et seq.), were followed strictly and without objection until it became necessary to acquire the strip in question by condemnation. Suit was filed according to the statute against the owners of the ten parcels, but the only parties who contested the proceedings were E. J. Webb and Sally Doe Webb, his wife, hereinafter called appellees.

These demurred to the complaint generally, and also filed a special demurrer on the grounds as set forth therein: "That it appears from said complaint that the land sought to be condemned is not for a public use, and that there is no necessity for the condemnation or taking of the same; that the said land sought to be condemned is for a local use and purpose and is not subject to condemnation." All the demurrers were overruled by the trial judge, and evi-

dence was offered before a jury as to the amount of the damage, a verdict being returned in the sum of $8,450. Appellants considered this verdict excessive, and moved for a new trial, which was finally granted. Thereafter the case came on for a second trial before another judge, and the demurrers to the complaint which had previously been overruled by the first judge were again urged, and sustained on the ground that it appeared from the complaint that the purposes for which the land was sought to be condemned did not come within the purposes for which condemnation proceedings were authorized by the statute. Appellant electing to stand upon its complaint, judgment was entered against it, and from the judgment this appeal has been taken.

The only question before us is whether the complaint states a cause of action. It was apparently agreed by the parties at the oral argument that all of the objections which could be raised to the complaint, with one exception, have been determined adversely to appellees in the very recent case of *Mosher* v. *City of Phoenix*, 39 Ariz. 470, 7 Pac. (2d) 622. We therefore consider only that exception.

Section 466, Revised Code of 1928, is the one upon which appellants rely for authority to proceed with the action, and it is contended this does not authorize the condemnation of land for the purpose of widening a street. It reads as follows: "Whenever the public interest or convenience may require, the city council of any municipality in this state shall have authority to order the laying out, opening, extending, widening, straightening, or closing up, in whole or in part, of any public street, subway, square, lane, alley, court, place, or right of way for any water course, irrigation ditch, pipe line, water main, or sewer for sanitary or drainage purposes, within such municipality, and to acquire, by condemnation, any property necessary or convenient for that purpose." It is urged by

appellees that under this section the only rights which may be acquired by condemnation proceedings are for water courses, irrigation ditches, pipe lines, water mains, or sewers for sanitary or drainage purposes.

It is agreed by the parties that the section in question was taken from California. The act of that state from which it undoubtedly comes reads as follows:

"Whenever the public interest or convenience may require the city council of any municipality shall have full power and authority to order the laying out, opening, extending, widening, or straightening, in whole or in part, of any one or more of any public streets, squares, lanes, alleys, courts, or places, within such municipality, and to acquire, by condemnation, any and all property necessary or convenient for that purpose." See Hillyer's Con. Sup. to Codes and Gen. Laws of Cal. 1921–1925, p. 3819.

It will be observed on comparing the two sections that, with the exception of minor changes in language, the Arizona statute follows the California almost literally, with the exception that there is added to the language of the latter the following words: "Or right of way for any water course, irrigation ditch, pipe line, water main, or sewer for sanitary or drainage purposes."

Appellees invoke the doctrine of statutory construction known as the last antecedent, and contend that the words "for that purpose," with which the section concludes, refer only to the phrase "water course, irrigation ditch, pipe line, water main, or sewer for sanitary or drainage purposes," preceding it. The doctrine of construction of the last antecedent is one which is seldom appealed to, and then only when other, and more important rules of construction fail. *Federal Mutual Liability Ins. Co.* v. *Industrial Commission,* 31 Ariz. 224, 252 Pac. 512; 36 Cyc. 1123.

We have held repeatedly that the primary consideration in interpreting the meaning of statutes is the intent of the legislature. *Hicks* v. *Krigbaum,* 13

Ariz. 237, 108 Pac. 482; *Gideon* v. *St. Charles,* 16 Ariz. 435, 146 Pac. 925. In determining this intent we must consider all the different rules of statutory construction, and must reach a result which is reasonable rather than one which will result in an absurdity. *Croaff* v. *Harris,* 30 Ariz. 357, 247 Pac. 126; *McBride* v. *Kerby,* 32 Ariz. 515, 260 Pac. 435; *Automatic R. M. Co., Inc.,* v. *Pima County,* 36 Ariz. 367, 285 Pac. 1034. One of the more important rules is that effect shall, if possible, be given to every part of a statute. *Hunt* v. *Callaghan,* 32 Ariz. 235, 257 Pac. 648. If the construction contended for by appellees is to be followed, the words "public street, subway, square, lane, alley, court, [or] place" are mere surplusage, for "right of way" supplies every need for "water course, irrigation ditch," etc., and, indeed, is the customary and technically proper phrase to use in such a connection. We are satisfied both from an application of the usual rules of construction to the section standing alone, and from the context of the following sections, that it was the intention of the legislature to allow condemnation in the manner set forth in article 15, chapter 12, *supra,* of the ground necessary to widen a public street for general street purposes, as well as for a right of way for sanitary and drainage purposes.

We hold, therefore, that the complaint in question was not obnoxious to a demurrer, and that the trial judge should have overruled the demurrer and proceeded to hear the case on the merits. The judgment is reversed, and the case remanded, with instructions to overrule the demurrers and grant a new trial in accordance with the principles set forth herein.

McALISTER, C. J., and ROSS, J., concur.