305 P.2d 432

Phil A. ISLEY, as Treasurer of Maricopa County, Arizona, and W. W. Dick, as County School Superintendent of Maricopa County, Arizona, Appellants,

v.

SCHOOL DISTRICT NO. 2 of MARICOPA COUNTY, Arizona, a body politic, Appellee.

No. 6192.

Supreme Court of Arizona.

Dec. 26, 1956.

Snell & Wilmer, and Perry M. Ling, Phoenix, for appellants.

282

William P. Mahoney, Jr., County Atty., and Jos. F. Walton, Special Counsel for School Affairs, Phoenix, for appellee.

LA PRADE, Chief Justice.

The action upon which this appeal is based arose out of uncertainty as to meaning and effect of certain provisions contained in section 54–603, A.C.A.1939, as amended, sections 15–1201 and 15–1202, A.R.S. 1956, pertaining to school district budgets and the accounting and administrative responsibilities with respect to school district funds resulting under these provisions. The school district, county superintendent of schools and county treasurer were unsure of their respective duties under these statutes, and the school district-appellee sought a declaratory judgment for the purpose of clarifying this situation. The court granted the school district's motion for summary judgment, holding in effect that under then existing statutes a six-line rather than a forty-one-line "Operating Expense" budget controlled; that the treasurer was bound to keep a separate account for each school district, and pay warrants when such would not result in an overdraft of either the "Operating Expense" or "Capital Outlay" divisions of the budget, respectively; and that registered warrants drawn on school district funds should be paid in accordance with sections 17–706 et seq., A.C.A.1939, sections 11–636 through 11–639, A.R.S.1956. From this judgment the county superintendent of schools and county treasurer appealed.

Section 54–603, supra, contains a budget format for school districts, applicable portions of which are as follows:

"54–603. School district budgets. Not later than July 3rd of each year the board of trustees of each common or high school district shall prepare and furnish to the county school superintendent and the state superintendent of public instruction a proposed budget for the current fiscal year, which shall contain the information and be in form as follows:

"(Name and No. of District)
Proposed School District Budget
for the fiscal year 19—— to 19——

| Purpose | No. of Employees | | Adopted Budget Past Fiscal Year | Actual Expenditures Past Fiscal Year | Proposed Budget Present Fiscal Year |
|---|---|---|---|---|---|
| | Present Fiscal Year | Past Fiscal Year | | | |

Operating Expense

I.  Administration
    Salaries
       Clerk and Employees
       of School Board ☐ ☐
       Superintendent ☐ ☐
       Asst. Superintendent ☐ ☐
       Other Admn. Officers ☐ ☐
       Attendance Officers ☐ ☐
       Health Service ☐ ☐
       Secretarial & Clerical Assistants ☐ ☐
    Supplies and Expense
       School Board
       Superintendent's Office
          Total ———— ———— ————

II. Instruction
    Salaries
       Principals ☐ ☐
       Supervisors of Instruction ☐ ☐
       Guidance & Psychological Personnel ☐ ☐
       Class Room Teachers ☐ ☐
       Other Instructional Personnel ☐ ☐
       Librarians ☐ ☐
       Secretarial & Clerical Assistants ☐ ☐
    Supplies and Expense
       Teaching Supplies
       Textbooks
       Library Books
       Principals' Office
       Other ———— ———— ————
          Total ———— ———— ————

[General categories III, IV, V and VI, which also include subitems, are omitted for brevity.]

| | Adopted Budget Past Fiscal Year | Actual Expenditures Past Fiscal Year | Proposed Budget Present Fiscal Year |
|---|---|---|---|
| Capital Outlay | | | |
| I. Furniture & Equipment | ———— | ———— | ———— |
| II. Transportation Equipment | ———— | ———— | ———— |
| III. Additions, alterations & improvements | | | |
|   a. Salaries & Wages | ———— | ———— | ———— |
|   b. Materials | ———— | ———— | ———— |
|   c. Contracts | ———— | ———— | ———— |
|     Total Capital Outlay | ———— | ———— | ———— |
| Tuition to other School Districts | ———— | ———— | ———— |
| Grand Total Including Capital Outlay | ———— | ———— | ————,, |

At the request of the school district the county attorney of Maricopa County gave an opinion that the general categories (I, II, etc.) under the "Operating Expense" division controlled the operating budget, and that the subitems were merely explanatory of the general categories. He founded this conclusion upon the fact that no lines were provided in the three vertical columns for the forty-one subitems included in these general categories. The attorney general subsequently rendered an opinion to the effect that expenditures were limited to amounts set up in each of the subitems—hence the uncertainty confronting the officials to which reference is above made.

School district expenditures are controlled by a budget which is prepared by the board of trustees, as governing body of the district, using the above budget format, pursuant to section 54–603, supra. The general scheme for discharge of school district obligations involves the issuance of a voucher by the board of trustees at the time an obligation is incurred; the drawing of a warrant by the county superintendent of schools on the county treasurer against the school funds upon receipt of a valid voucher, section 54–301, A.C.A.1939, 1952 Supp., section 11–514, A.R.S.1956; and payment of such warrant, when presented to the county treasurer, section 54–606, A.C.A.1939, 1952 Supp., section 15–1231, A.R.S.1956.

The appellants contend that the court below erred, as to the content of the declaratory judgment it rendered, in four

specified particulars. Separate treatment and disposition of each assignment of error is made in the discussion which succeeds except that assignments 2 and 3 are considered together.

First, appellants contend that the trial court erred in declaring that section 54–603, supra, permits the county school superintendent to draw warrants for expenditures in excess of the amounts budgeted for subitems within any of the first six general categories in a school district budget, if such expenditures are not in excess of the available balance to the credit of the general category which includes such subitems.

■ The first part of section 54–603, supra (now section 15–1201, A.R.S.1956) merely makes provision for preparation of a budget by the board of trustees using the form set forth therein. A later provision in the section (now part of section 15–1202(F), A.R.S.1956) recites that

"* * * No expenditure shall be made for a purpose not particularly itemized and included in such budget, and no expenditure shall be made, and no debt, obligation or liability shall be incurred or created in any year for any purpose itemized in such budget in excess of the amount specified for such item, * * *."

Section 54–301, supra, sets forth specifically the superintendent's responsibilities relative to the administration and control of school district expenditures. One part of this section directs that the superintendent, upon receipt of a valid voucher, draw a warrant on the county treasurer against the school fund of the district concerned. A latter portion of the section prescribes that

"* * * no warrant shall be drawn for any expenditure for a purpose not included in the budget of such school district, nor for any expenditure in excess of the amount budgeted and not theretofore expended, except for expenditures authorized by the board of supervisors in accordance with subsection (b) of section 54–608. * * *"

(Now section 15–1245, A.R.S.1956.)

It is our opinion that this provision in effect precludes the superintendent from drawing a warrant against the school fund of the school district concerned unless the expenditure upon which such warrant is based is for a "purpose" included within the budget, and that the expenditure will not result in an overdraft of the amount budgeted for such "purpose", except to the extent of increases authorized under subsection (b) of section 54–608, supra. We hold that the word "purpose", as used in both section 54–603, supra, and section 54–301, supra, was intended to have the same meaning. The question then arises whether, with respect to the "Operating Expense" divi-

sion of the budget, "purpose" as used in the above sections has reference to each of the six general categories of this budget division or to the forty-one subitems contained in these categories.

In instances requiring a construction of statutes the fundamental rule is to ascertain and give effect to the intention of the legislature as expressed in the statute. Automatic Registering Mach. Co. v. Pima County, 36 Ariz. 367, 285 P. 1034; Hicks v. Krigbaum, 13 Ariz. 237, 108 P. 482. In arriving at the intention of a statute resort may be had to the words, context, subject matter, effects and consequences, spirit and reason of the law, and other acts in pari materia. Coggins v. Ely, 23 Ariz. 155, 202 P. 391.

In chapter 147, Session Laws of 1954, which introduced the budget format as it appears herein, the legislature did not include lines opposite the forty-one subitems in the "Operating Expense" division. Lines, however, were provided for the total of each of the six general categories of this division as well as for the subitems and totals of the "Capital Outlay" division. While this in itself strongly indicates that the legislature intended a six-line rather than a forty-one-line operating budget to control, the facts reflect still other circumstances which make this conclusion tenable and reasonable.

In determining the legislative intent this court is at liberty to examine both prior and subsequent statutes in pari materia. Automatic Registering Mach. Co. v. Pima County, supra; 50 Am.Jur., Statutes, 337. When the 1956 code was proposed the budget format, incorporated into section 15–1201, A.R.S., supra, included lines opposite each of the forty-one subitems in the "Operating Expense" division; but in the form actually adopted by the legislature such lines were omitted. This post-legislative interpretation is helpful in determining that the original legislative intention was that a six-category operating expense budget be controlling.

It is a rule of statutory construction that where the language of the statute is susceptible to two interpretations the court will adopt the one which is reasonable, Hammons v. Waite, 30 Ariz. 392, 247 P. 799, and a construction should be avoided which would result in inconvenience or absurdity. Local 266, etc. v. Salt River Project Agr. Imp. & P. Dist., 78 Ariz. 30, 275 P.2d 393; Town of Florence v. Webb, 40 Ariz. 60, 9 P.2d 413.

Since the word "purpose", as used in sections 54–603 and 54–301, supra, is susceptible of more than one interpretation, we are bound to declare as the intention of the legislature the alternative which is reasonable and convenient. It appears

to us that to bind either the school district or the superintendent to a forty-one-line operating expense budget, as advocated by the appellant, would be impractical, unduly restrictive, and lead to absurd results. We, therefore, hold that the word "purpose", as used in the above sections, has reference, as far as the "Operating Expense" division of the budget is concerned, to the six general categories rather than the forty-one subitems contained therein. As a consequence the superintendent is authorized to draw warrants in excess of the amounts budgeted for subitems within any of the six general categories of the operating expense division so long as such will not exceed the total amount budgeted in the general category in which such subitems are included.

Appellants' second and third assignments of error are based upon their assertion that the court below erred in failing to declare that within the meaning of section 54–603, supra, the county treasurer is required to maintain accounts which will at all times disclose balances available for each of the six general categories of the "Operating Expense" division of the budget as well as for each of the forty-one subitems contained therein. We are of the opinion that these assignments of error are without merit as we shall hereafter point out.

The duties of the county treasurer relative to school funds are clearly and unambiguously set forth in section 54–606, supra. Subdivision (a) thereof recites that the county treasurer shall:

"Receive and hold as special funds all public school money for common school and high school education, and keep separate accounts thereof, and when it is apportioned among the school districts, he shall keep a separate account for each district and for the special county school reserve fund".

This section does not require the treasurer to maintain forty-one separate accounts on behalf of the operating budget of each school district. On the contrary it directs that after the school money is apportioned he is to maintain a "separate" account for each school district.

Section 54–606(c) provides that the treasurer shall:

"Pay over, on the warrants of the county school superintendent, duly indorsed by the person entitled to receive the same, any or all money; provided that the county treasurer shall not pay any warrant for an expenditure which is in excess of the total amount budgeted for the school district against which such warrant is drawn, unless such expenditure has been authorized by the board of supervisors in accordance with section 54–608."

This section clearly requires the treasurer to pay all valid warrants drawn by the

superintendent provided payment of such warrants will not cause an overdraft of the "total amount budgeted" for the school district against which it is drawn, unless the expenditure is authorized under section 54–608, supra. The word "pay" as used in this section contemplates an actual disbursement if funds are available to the credit of the particular school district, and registration of such warrant where such funds are not available as required by section 17–705, A.C.A.1939 (now section 11–635, A.R.S.1956).

The final question raised by this appeal is the application of sections 17–706 et seq., A.C.A.1939, to warrants drawn on school district funds which are registered. Sections 17–706, 17–707 and 17–708 provide that when there is sufficient money in the treasury to pay warrants drawing interest the treasurer shall give proper notice and pay such warrants according to the procedure outlined.

Section 17–710 provides that

"The treasurer, whenever he has funds to the amount of five hundred dollars ($500), shall give * * * notice that he will redeem warrants to that amount; * * *."

We perceive no reason why these sections should not apply to registered warrants drawn on school district funds just as they apply to other registered warrants. We hold, however, that the applicability of these sections is contingent upon the availability of sufficient funds or $500 to the credit of the particular school district upon which the warrants are drawn. To hold otherwise would permit the treasurer to use funds to the credit of one school district to pay the outstanding obligations of another. Such an unreasonable and inequitable result could not have been contemplated by the legislature.

The judgment is affirmed.

UDALL, WINDES, PHELPS and STRUCKMEYER, JJ., concur.