419 P.2d 49

The CITY OF PHOENIX, Milton H. Graham, Frank G. Benites, Jarrett S. Jarvis, Sophia Kruglick, John F. Long, Frank P. Middleton and Morrison F. Warren, as Members of and Constituting the Council of the City of Phoenix, Maricopa County, Arizona, County of Maricopa, Arizona, L. Alton Riggs, William S. Andrews and B. W. Burns, as Members of and Constituting the Board of Supervisors of Maricopa County, Arizona, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, Yale McFate, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Wesley Bolin, Secretary of State, State of Arizona, Real Party in Interest, and Aubrey L. Moore, Real Party in Interest, Respondents.

No. 8857.

Supreme Court of Arizona.

En Banc.

Oct. 17, 1966.

Robert J. Backstein, City Atty., Barry Leverant, Asst. City Atty., Phoenix, for petitioners, City of Phoenix, Milton H. Graham, Frank G. Benites, Jarrett S. Jarvis, Sophia Kruglick, John F. Long, Frank P. Middleton and Morrison F. Warren, as Members of and Constituting the Council of the City of Phoenix.

Robert K. Corbin, Maricopa County Atty., Henry Florence, Deputy County Atty., Z. Simpson Cox, Special Counsel, Phoenix, for petitioners, County of Mari-

copa, J. Alton Riggs, William S. Andrews and B. W. Burns, as Members of and Constituting the Board of Supervisors of Maricopa County.

Darrell F. Smith, Atty. Gen., Jarril F. Kaplan, Special Counsel, Phoenix, for respondents, Superior Court of Arizona, Maricopa County and Yale McFate, Judge thereof, and Wesley Bolin, Secretary of State of Arizona, Real Party in Interest.

' Theodore Matz, Phoenix, for respondent, Aubrey L. Moore, Real Party in Interest.

STRUCKMEYER, Chief Justice.

This is an original proceeding in certiorari in which the City of Phoenix and Maricopa County seek to nullify an order of the superior court prohibiting petitioners from holding concurrent elections in the same polling places in the general election to be held on November 8, 1966. On October 11, 1966, after an informal hearing, we accepted jurisdiction, being of the opinion that the matter was of great public concern and that there was no plain, speedy and adequate remedy by appeal.

Wesley Bolin, respondent herein as Secretary of State, originally brought suit in the Superior Court of Maricopa County, asking for a declaration that the election violated the Arizona Constitution, Article 7, § 12, A.R.S., and certain Arizona statutes, and for an injunction. On October 3, 1966, the superior court held that the concurrence of a special election of the City of Phoenix at the same time and in the same polling places to be used in the statewide general election was improper and unlawful. It prohibited both the Board of Supervisors of Maricopa County, Arizona, and the Phoenix City Council from holding such an election.

The Constitution of Arizona requires that,

"There shall be enacted registration and other laws to secure the purity of elections and guard against abuses of the elective franchise." Art. 7, § 12.

Pursuant thereto, the first legislature of the State of Arizona, in 1912, readopted from the territorial statutes of 1901 what is now § 16–862, A.R.S.:

"A. The board of supervisors shall furnish with the ballots for each polling place, three notices, printed on muslin in letters not less than two inches high, reading: 'Fifty-foot limit' and underneath that heading the following:

" 'No person shall be allowed to remain inside these limits while the polls are open, except 'for the purpose of voting, and except the election officials, one representative of each political organization represented on the ballot, appointed by the chairman of the local committee of such political organization, and the challengers allowed by law. Voters having cast their ballots shall at once retire without the fifty-foot limit. A person violating any provision of this notice is guilty of a misdemeanor.'

"B. Before opening the polls, the election marshall shall post three fifty-foot limit notices approximately fifty feet, in different directions, from the entrance of the place in which the election is being held.

"C. Any person violating any provision of the fifty-foot limit notice is guilty of a misdemeanor." Laws of 1962, as amended, Ch. 43, § 1.

The statute is, of course, designed "to prevent interference with the efficient handling of the voters by the election board and to prevent delay or intimidation of voters * * *." State v. Robles, 88 Ariz. 253, 355 P.2d 895.

It is petitioners' position that the statute does not expressly forbid the holding of concurrent elections, that there are no sound reasons why such a provision should be impliedly read into the statute, and that there are good and sufficient reasons for holding the election in the manner proposed. It is urged that the holding of the concurrent election as contemplated will effect substantial savings, thereby reducing the cost to the taxpayer; that it will encourage more people to vote in both elections, since those having a particular interest in

either will have the ready opportunity to vote in the other; and that it is an accommodation to the electorate in general to be able to vote simultaneously in both elections.

Respondents urge that since A.R.S. § 16–862 is applicable to state elections, specifying exactly who may remain within fifty feet of the polling place, the election personnel of the City of Phoenix are by necessary implication excluded.

 It is the well settled law of this state that in construing a statute the spirit of the enactment must be considered and, if possible, the statute will be construed consistent therewith. Courts are not controlled by the literal meaning of the language used. The spirit of the law prevails, even though possibly not its exact letter. State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992; Carr v. Frohmiller, 47 Ariz. 430, 56 P.2d 644. We said, for example, in Carr v. Frohmiller:

> "The court is often not controlled by the literal language of the statute, but by its meaning when properly interpreted, though outside of such literal meaning." 47 Ariz., at 438, 56 P.2d, at 647.

If the language of the statute is taken literally that no person shall be allowed inside the fifty-foot limits except those persons named, then many absurdities result. In the event of a disturbance, police officers would not be permitted within the polling place or the specified fifty-foot limit. The same could be said if a fire occurred, and in case of illness or catastrophe doctors and others would not be permitted to enter the polling places. No food, drink or messages could be delivered to election board members without violating the statute. Other absurdities can be readily called to mind. If proper construction of the statute requires such absurdities, then we would have to agree with Mr. Bumble, in "Oliver Twist", when he said: "If the law says that; the law is an ass."

 If " * * * a literal [interpretation] of the language leads to a result which produces an absurdity, it is our duty to construe the act, if possible, so that it is a reasonable and workable law * * *." Garrison v. Luke, 52 Ariz. 50, 78 P.2d 1120. In Keller v. State, 46 Ariz. 106, 47 P.2d 442, we even went so far as to say:

> " * * * [W]hen the literal language of a statute will result in an absurdity, an impossibility, or a meaning which * * * is clearly at variance with the legislative intent, courts may and will alter, modify, or supply words to the statute in order to give effect to the manifest intention of the Legislature."

See also, State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992.

 Likewise, we have repeatedly said that where a court must resort to construction, the results and consequences of the proposed construction will be considered and objectionable results will be avoided, particularly where the construction would result in absurd consequences. State Board of Dispensing Opticians v. Schwab, 93 Ariz. 328, 380 P.2d 784; Isley v. School District No. 2, 81 Ariz. 280, 305 P.2d 432; Local 266, etc. v. Salt River Project Agr. Imp. & Power Dist., 78 Ariz. 30, 275 P.2d 393; Frye v. South Phoenix Volunteer Fire Co., 71 Ariz. 163, 224 P.2d 651; State v. Airesearch Mfg. Co., 68 Ariz. 342, 206 P.2d 562; Town of Florence v. Webb, 40 Ariz. 60, 9 P.2d 413. We said, in Isley v. School District No. 2, supra:

> "It is a rule of statutory construction that where the language of the statute is susceptible to two interpretations the court will adopt the one which is reasonable, Hammons v. Waite, 30 Ariz. 392, 247 P. 799, and a construction should be avoided which would result in inconvenience or absurdity." 81 Ariz., at 286, 305 P.2d, at 436.

 Respondents have not suggested any reason why a concurrent election would impair the purity of elections or cause abuses

of the elective franchise. Accordingly, we hold, consistent with the spirit of the legislative enactment, § 16–862, supra, and to avoid absurd consequences, that the proposed concurrent election is neither improper nor unlawful.

Petitioners have cited three cases from California in which combined elections have been upheld. See Morrison v. White, 10 Cal.App.2d 261, 52 P.2d 261; City and County of San Francisco v. Collins, 216 Cal. 187, 13 P.2d 912; and Mead v. City of Los Angeles, 185 Cal. 422, 197 P. 65. While the California Constitution of 1879, Article 20, § 11, is dissimilar in language, its obvious purpose is to secure the purity of elections by prohibiting bribery, tumult and other improper practices. We note that the California Legislature enacted a statute authorizing the holding of combined elections. The cited cases do not question the legality of combined elections as being against the public policy reflected in the California Constitution.

Respondents direct our attention to two Arizona cases, Kerby v. Griffin, 48 Ariz. 434, 62 P.2d 1131, and McLoughlin v. City of Prescott, 39 Ariz. 286, 6 P.2d 50, as authority for the proposition that the statute, § 16–862, supra, is mandatory. We find it unnecessary to reach this question, since it is our view that the statute when properly construed does not prohibit concurrent elections.

We think that there is no good or sufficient reason to presume that the purity of the general election will be subverted by combining with it, at the same polling places, a special election called by the City of Phoenix. Some problems may arise as to the conduct of the election which would not arise were each held separately, but we are of the opinion the precise mechanical procedures can be worked out by the responsible officials whereby the purity of the election will be assured and proper safeguards taken to prevent abuses of the elective franchise.

We, therefore, hold that a special city election may be combined with a state elec-tion and held at the same polling places, provided, it is held under conditions which carry out the intent of the election statute as herein set forth. The order of the Superior Court of Maricopa County, entered on October 3, 1966, in Cause No. 192783, is hereby vacated and annulled.

BERNSTEIN, V. C. J., and UDALL. and McFARLAND, JJ., concur.

NOTE: Justice LORNA E. LOCKWOOD, did not participate in the determination of this decision.