MILTON T. MURPHY v. DULUTH-SUPERIOR BUS COMPANY.[1]

June 25, 1937.

No. 31,253.

[1]Reported in 274 N. W. 515.

*Thomas J. Joyce* and *Ralph E. Burdick,* for appellant.
*Hugh J. McClearn* and *Erling Berg,* for respondent.

HILTON, JUSTICE.

This is an appeal from the order of the district court of St. Louis county directing the disbursement and distribution of $956.45 as hereinafter stated.

It appears that the appellant was the father of Jerry P. Murphy, a minor, who was killed when struck by a motor vehicle belonging to the Duluth-Superior Bus Company. As special administrator of the boy's estate, appellant commenced an action against that company under 3 Mason Minn. St. 1936 Supp. § 9657, which gives an action for death by wrongful act. A settlement of this action was made for $1,900, of which, after deducting medical and funeral expenses, attorney's fees, and other disbursements, there remains a balance of $956.45.

It also appears that, in addition to the appellant, Jerry left surviving him his mother (respondent herein) and one brother. Respondent deserted the boy and the other members of her family some six years before Jerry's death, when he was about three years old. She has lived entirely apart from the family and, with the exception of a few short visits with the children, has had nothing to do with them or the appellant since she left. Appellant secured an uncontested divorce from the respondent sometime after she deserted him. There is evidence that Jerry never knew her as his mother, that there was no affection between them, and that the only "mother" he knew was the housekeeper hired to care for the children after the respondent had left them. There was no exchange of either gifts or communications between him and his mother during this time. Appellant has borne the entire burden of the support and care of the children since his wife's desertion.

The evidence shows that she suffered no pecuniary loss through the boy's death.

Appellant petitioned the district court for a distribution of the amount received in settlement of the action. After providing for the payment of the expenses, the court ordered that the balance be distributed to the appellant and respondent, one-half to each, and appellant took this appeal from that order.

It is the contention of the appellant that a recovery under the wrongful death statute is limited to the amount of pecuniary loss actually suffered by those for whose benefit the action may be maintained; and, since respondent suffered no such loss, she is not entitled to any of the money received in the settlement of the action. We are unable to sustain this latter claim.

The pertinent part of § 9657 is as follows:

"The damages therein  *  *  *  shall be for the exclusive benefit of the surviving spouse and next of kin, *to be distributed to them in the same proportion as personal property of persons dying intestate  *  *  *.*" (Italics supplied.)

The deceased son left no spouse or issue, and the descent of his property is governed by 3 Mason Minn. St. 1936 Supp. § 8992-29, subd. 4(3), as follows:

"If there be no issue nor spouse, the estate shall descend to the father and mother in equal shares, or if but one survive, then to such survivor."

In ordering one-half of the balance of the settlement money distributed to the respondent the court was merely following the clear and express language of these statutes. It is true that the amount of recovery under § 9657 is limited to the pecuniary loss of those for whose benefit action may be brought. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 2617. And, as a result, in the action to recover in this case for the death of the boy, the damages would be limited to the pecuniary loss of the appellant, since the respondent suffered no such loss because of his death. However, according to the provisions of § 9657, once the amount of damages is deter-

mined and recovered, respondent is entitled to one-half of that amount. To say that this is anomalous is somewhat of an understatement. There can be no better illustration of how unjust the result may be than that reached in the instant case, but this inconsistency has been created by the legislature and not the court. To reach a different result would violate the express wording. of the statute. We have on at least two previous occasions considered these statutes with regard to this particular question. In Watson v. St. Paul City Ry. Co. 70 Minn. 514, 518, 73 N. W. 400, 402, the court stated:

"The compensation for losses sustained by the widow and next of kin goes to them exclusively, but, lest controversies should arise between them over the damages recovered, the legislature has itself fixed the proportion beyond dispute."

In Masek v. Hedlund, 162 Minn. 291, 202 N. W. 732, the intestate had left surviving him a wife and four children, three of whom had reached their majority. It was held that § 9657, by clear language, regulates the proportion in which the damages recovered shall be distributed, and, as a result, the money in that case was distributed one-third to the widow and one-sixth to each of the children. This was without reference to the pecuniary loss of the widow and children. Presumably, at least, her loss was much greater than that of the children who had reached majority. The rule there laid down is determinative of this case.

A detailed discussion of the authorities from other jurisdictions will serve no useful purpose. See 14 A. L. R. p. 520, n. 2. That the result leads to a great injustice cannot be gainsaid, but this is the only conclusion possible without doing violence to the clear wording of the statute. An amendment to § 9657 to remedy this situation would seem to be most desirable. That is within the province of the legislature and not the court.

Most of the cases cited by the appellant relate to the question of whether a person for whose benefit action may be brought under § 9657 has suffered a pecuniary loss by virtue of the death, which loss may be taken into consideration in fixing or determining the

amount of the recovery. This has no bearing on the point involved in this case.

Affirmed.

