[Civ. No. 4219. Fourth Dist. June 19, 1951.]

Estate of FRED R. BRIGHT, JR., Deceased, et al., Appellants, v. WESTERN AIR LINES, INC. (a Corporation) et al., Respondents.

Clarence B. Smith, John Moore Robinson, Robert M. Himrod and George R. Coan for Appellants.

Luce, Forward, Kunzel & Scripps for Respondents.

MUSSELL, J.—Plaintiffs appeal from a judgment in favor of the defendant, Western Air Lines, Inc., entered pursuant to an order sustaining a demurrer to the complaint without leave to amend.

The action was brought to recover damages for the loss and destruction of property rights of the estate of Fred R. Bright, Jr., allegedly incurred when decedent was killed on December 24, 1946, in an airplane crash caused by negligence in the operation of an airplane owned and operated by the defendant, and in which decedent was a passenger for hire. It is alleged in the complaint that as the direct and proximate result of the carelessness and negligence of the defendants the estate of Fred R. Bright, Jr., was wasted, lessened, injured, destroyed and invaded and the property rights of the said estate were lessened, injured, damaged, invaded and wasted to the damage of said estate and said property rights of said estate in the amount as therein set forth. It is then alleged that decedent had a life expectancy of 34.29 years; that he had for several years earned $300,000 a year; and that by reason of his death his estate had been damaged in the amount of $10,287,000. Judgment was prayed for in said amount as general damages.

The question involved, as stated by appellants, is "Does the estate of Fred R. Bright, Jr. have a cause of action against the defendant, Western Air Lines, Inc.?" We conclude that it must be answered in the negative.

An "estate" is not a legal entity and is neither a natural nor artificial person. It is merely a name to indicate the sum total of the assets and liabilities of a decedent, or of an incompetent, or of a bankrupt. (*Tanner* v. *Best Estate*, 40 Cal.App.2d 442, 445 [104 P.2d 1084]; *Johnston* v. *Long*,

30 Cal.2d 54, 63 [181 P.2d 645].) An "estate" can neither sue nor be sued. (11 Cal.Jur., p. 1055, § 680.) It follows that an "estate," as such, is not entitled to recover damages consisting of the loss of future earnings of a decedent.

Plaintiffs take the position that the cause of action herein is based upon the first part of Probate Code section 574, which is as follows:

"Executors and administrators may maintain an action against any person who has wasted, destroyed, taken, or carried away or converted to his own use, the property of their testator or intestate in his lifetime, or committed any trespass on the real property of the decedent in his lifetime; . . ."

The contention is that the quoted provision specifically gives to the executor or administrator the right to maintain an action for the destruction of the property and the property rights of the estate of the decedent; that the damages permitted to be recovered by the quoted section for the loss or destruction of the testator's property become a part of his estate and inure to the benefit of those who are creditors of the estate and to the legatees and beneficiaries. We cannot agree with this contention.

Section 377 of the Code of Civil Procedure provides for an action by the heirs and representatives of one killed by the wrongful act or neglect of another for damages against the person causing the death, and it has been held that an action for death is entirely statutory; that an administrator has power to bring such an action only as the statutory trustee for the benefit of the heirs of the deceased and for no other purpose; that this statute was enacted in order that the heirs might compensate themselves for pecuniary injuries suffered in the loss by death of a relative; that if the deceased had no heirs, then the statute did not apply and there could be no action for there could be no statutory trustee if there were no trust nor beneficiary. (*Webster* v. *Norwegian Mining Co.,* 137 Cal. 399, 400 [70 P. 276, 92 Am.St.Rep. 181].) In *Estate of Riccomi,* 185 Cal. 458, 460 [197 P. 97, 14 A.L.R. 509], it is said:

"It is settled that the action authorized by the section is one *solely* for the benefit of the heirs by which they *may be compensated for the pecuniary loss suffered by them* by reason of the loss of their relatives. The money recovered constitutes no part of the estate of deceased, and where the action is brought or the money recovered by the personal representa-

tive of the deceased, such personal representative is acting solely as a statutory trustee for the benefit of the heirs on account of whom the recovery is had.''

In *Luis* v. *Cavin,* 88 Cal.App.2d 107, 118 [198 P.2d 563], the court held that damages recoverable for pecuniary loss suffered by a wife by the reason of the unlawful death of her husband, when recovered, do not become a part of the decedent's estate and are not distributed to the heirs from the estate.

Section 574 of the Probate Code authorizes the maintenance of an action by executors and administrators for waste of the property of their testator. However, such executors and administrators have no interest in the matter. They are statutory trustees to recover damages for the benefit of the heirs of the estate and where there are no heirs, there can be no action. In the instant case, the complaint does not allege the existence of heirs at law of the decedent nor does it appear therefrom that the action is prosecuted for the benefit of any person or persons. Despite appellants' statement to the contrary, the action is one for damages resulting from wrongful death and only the surviving heirs at law or the personal representative of the deceased can maintain such an action. Since the complaint fails to allege that the deceased left heirs at law, it does not state a cause of action. (*Davis* v. *Southern Arizona F. Lines, Ltd.,* 30 Cal.App.2d 48, 49 [85 P.2d 897].)

Section 574 of the Probate Code was considered and applied in *Hunt* v. *Authier,* 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379]. In that case one Mounsey killed a Dr. Hunt and then took his own life. Hunt's surviving widow and children filed a claim against the estate of Mounsey for waste and destruction of their property, their property rights and estate. The court held that the injuries suffered by the plaintiffs by the lessening of their estate and the invasion and deprivation of their pecuniary interest and right to future support from their decedent by the commission of the wrongful act was a destruction of or injury to their property and an invasion of their property rights within the meaning of the statute and that the cause of action survived as to property damages in favor of the beneficiaries.

In *Moffat* v. *Smith,* 33 Cal.2d 905 [206 P.2d 353], plaintiff brought an action seeking the recovery of damages for injuries sustained in an automobile collision alleged to have been due to carelessness and negligence on the part of one

David D. Copenhaver, the latter having died subsequent to the accident. The action was brought against the executrix of his last will. The court held that the cause of action did not abate with the death of the negligent tort feasor but was properly brought against the executrix of his estate since the injured person's right to his own future support constituted property within the meaning of Probate Code, section 574, authorizing an action against the personal representative of a tort feasor for the destruction of plaintiff's property during the tort feasor's lifetime.

In *Cort* v. *Steen,* 36 Cal.2d 437, 439 [224 P.2d 723], the court stated that the determination in *Hunt* v. *Authier* and *Moffat* v. *Smith, supra,* rested on the construction of section 574 of the Probate Code providing for survival in cases of damage to property.

We find nothing in the language of these cases indicating that a cause of action arises in favor of an "estate" and in each case the action was brought by or for the persons entitled to receive the benefit of the decedent's earnings.

Plaintiff Elizabeth J. Bright, also known as Elizabeth J. Stires, appears herein as administratrix of the estate of the decedent, Fred R. Bright, Jr., and not as a beneficiary or heir. She is not seeking to recover for pecuniary loss suffered by her but as statutory trustee for the benefit of the estate. There being no allegation in the complaint of the existence of heirs, we are bound to assume that there are none. (*Webster* v. *Norwegian Mining Co., supra,* 399.)

The record shows no request or desire on the part of plaintiffs to amend the complaint and there is no suggestion that it could be amended.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied July 11, 1951, and appellants' petition for a hearing by the Supreme Court was denied August 16, 1951.