236 P.2d 730.

ARIZONA CORP. COMMISSION v. GEM STATE MUT. LIFE ASS'N, Inc.

No. 5542.

Supreme Court of Arizona.

Oct. 29, 1951.

Fred O. Wilson, Atty. Gen., and Richard C. Briney, Asst. Atty. Gen., for appellant.

Elijah Allen, of Mesa, and Townsend & Jenckes, of Phoenix, for appellee.

LA PRADE, Justice.

This appeal is taken from a judgment denying appellant's motion to quash the alternative writ of mandamus theretofore issued by the Superior Court of Maricopa County and adjudging that the alternative writ be made permanent, and from the peremptory writ of mandamus issued by the court pursuant to judgment. The effect of the judgment, in substance, was that a foreign benefit insurance company could qualify to do business in Arizona.

Appellee is a foreign benefit insurance corporation incorporated under the laws of Idaho, not for profit, to provide personal health and accident insurance. Prior to doing any insurance business in this state, appellee made application to the commission (appellant) for a certificate of authority to transact a business of benefit insurance in the State of Arizona as required by section 61–1004, A.C.A.1939, as amended by chapter 95, Laws 1943. The commission refused to issue such a certificate of authority upon the stated ground that the company (appellee) had not complied with the law of Arizona in that it had not qualified as a domestic benefit insurance corporation under section 61–1003(a), as amended id. It is appellee's contention that being a foreign benefit insurance company, it is not required to comply with the provisions of section 61–1003(a), supra, and section 61–1012(id.), concerning domestic incorporation of benefit insurance companies.

The issue is resolved into the following question: Is the formation of a domestic benefit insurance corporation under the provisions of section 61–1003(a) and whose directors must be residents of the state as required by section 61–1012, a condition precedent to the admission of a foreign benefit insurance corporation to transact a benefit insurance business in Arizona? The judgment recites that it was stipulated that if the foregoing statutes do not apply to foreign benefit insurance corporations seeking to do business in this state, plaintiff has complied with the laws imposing conditions precedent to entitle it to transact such business in Arizona.

A reading of the statutes in question discloses that section 61–1003 provides the procedure for the formation of a benefit insurance corporation by residents of this state, which would be a domestic corporation. Paragraph (c) of said section reads as follows: "Benefit corporations,

organized in this state *or* admitted from another state after the effective date of this act, shall be granted a certificate of authority to transact a benefit insurance business upon presenting evidence to the commission that it has deposited with the state treasurer, five thousand dollars ($5,000) in cash or approved securities for the protection of its certificate holders." (Emp. sup.) We observe the alternative expressed by use of the word "or" thus indicating the legislative intent to distinguish between benefit insurance corporations organized in this state and those admitted from another state. Section 61–1004 prescribes the steps to be taken before a certificate of authority may be issued by the corporation commission. No express language is employed in the act requiring foreign benefit insurance companies to become domesticated. To so construe the meaning of section 61–1003(a) would result in nullifying the purpose of admitting benefit corporations from other states by requiring them to become "domesticated", and would thereby exclude foreign benefit corporations from doing business within the state of Arizona. It follows that the provisions of section 61–1012 relating to residence of directors in the state was not intended to apply to foreign benefit companies for to so require would necessitate formation of a domestic corporation. Reference is made to "foreign" corporations in section 61–1024 (id.), providing for examination of financial condition, that portion reading as follows: "(a) Whenever the commission shall determine it to be prudent for the protection of members or policyholders of any corporation doing business under this act, and at least once each year, it shall appoint a competent person or persons to visit the home office of the corporation applying for a license to transact business, or which may be transacting business in this state, whether domestic or *foreign,* to ascertain its true financial condition, * * *." (Emphasis supplied.)

In order to ascertain the legislative intent, all the statutes must be considered which will give it effect. Necessary implications and intendments from the language employed in a statute may be resorted to to ascertain the legislative intent where the statute is not explicit. Coggins v. Ely, 23 Ariz. 155, 202 P. 391; 59 C.J. Statutes, sec. 575. In construing an act, we should give effect to all portions thereof that are pertinent. Wise v. First National Bank, 49 Ariz. 146, 65 P.2d 1154; Kelly v. Bastedo, 70 Ariz. 371, 220 P.2d 1069. So construing the act relating to benefit insurance companies, we conclude there was a legislative intent to admit foreign corporations to do a benefit insurance business in Arizona along with domestic corporations. To require foreign companies to comply with the provisions of sections 61–1003(a) and 61–1012 would result in domesticating such corporations contrary to the legislative intent, thereby making it impossible for foreign corporations to qualify to do business in Arizona.

406

It is our opinion the legislature intended to admit foreign benefit insurance companies to do business after complying with specified requirements but did not mean that such companies must be subject to the aforesaid statutes enacted for organization of domestic benefit insurance corporations. Compliance therewith not being a condition precedent to the admission of a foreign benefit insurance corporation, and since appellant has complied with the laws imposing conditions precedent, it is entitled to transact a benefit insurance business in Arizona, and to have a certificate of authority from the corporation commission. Consequently, appellant's motion to quash the alternative writ of mandamus was properly denied, the peremptory writ was rightly issued, and the judgment is affirmed.

UDALL, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.