380 P.2d 784

**STATE BOARD OF DISPENSING OPTICIANS, Appellant,**

**v.**

**William Otto SCHWAB, Jr., Appellee.**

No. 6904.

Supreme Court of Arizona.

En Banc.

April 17, 1963.

Dispensing Opticians for a license as a dispensing optician pursuant to A.R.S. § 32–1671 et seq. The application was denied. On appeal to the superior court the board's decision was reversed, the court ordering the board to issue a license to Schwab as provided by law. This appeal by the board followed.

Schwab's application was filed under a clause of the act commonly referred to as the "Grandfather" clause, § 32–1684, subd. B. "Grandfather" clauses are generally found where occupations not formerly regulated by statute are brought under legislative control. They permit those who have been in continuous practice in the particular occupation for a prescribed period immediately preceding the effective date of the act to receive a license. Schwab's application was denied by the board for this reason:

"* * * it has been determined by the board that under A.R.S. Section 1684B that you have not been actively engaged as a Dispensing Optician in this state for one year prior to August 1, 1956."

Robert W. Pickrell, Atty. Gen., Wade Church, Former Atty. Gen., Ross Anderson, Asst. Atty. Gen., H. B. Daniels, Former Asst. Atty. Gen., for appellant.

Finn, Gorey & Ely, Phoenix, for appellee.

STRUCKMEYER, Justice.

In February of 1957 appellee, Schwab, filed an application with the State Board of

The superior court found that Schwab was a person who had been actively engaged as a dispensing optician as defined by the statute and met all the statutory requirements to qualify him for the issuance of a license; judgment was there entered decreeing that the board proceed with the issuance of a license to Schwab.

The single assignment of error questions the interpretation of § 32–1671(2), defining "Dispensing Optician" as applied to § 32–1684, subd. B, the "Grandfather" clause. The pertinent language of these two sections reads:

"§ 32–1671

\* \* \* \* \* \*

"(2). 'Dispensing optician' or 'engaging in the practice of dispensing opticianry' means any person \* \* \* who *prepares or dispenses* lenses, contact lenses, spectacles, eyeglasses, artificial eyes, optical devices, appurtenances thereto or parts thereof to the intended wearer on written prescription from a duly licensed physician or optometrist, and in accordance with such prescription interprets, measures, adapts, fits or adjusts the same for the aid or correction of visual or ocular anomalies of the human eye or duplicates, replaces, reproduces or repeats the same without prescription when there is no change in refractive value." (Emphasis supplied.)[1]

"§ 32–1684

\* \* \* \* \* \*

"B. Upon application, accompanied by the fee required by § 32–1685, the board shall issue an original license to each person actively engaged as a dispensing optician in this state for one year next preceding the effective date of this chapter, \* \* \*."

The evidence discloses that Schwab had a background of sixteen years of experience in the optical business. Some of this experience was devoted to interpreting, measuring, adapting, fitting and adjusting optical devices to the faces and eyes of patients on written prescription from a duly licensed physician or optometrist—this area being known as the "dispensing" phase of the business. Concededly, however, during the year preceding the enactment of the statute he did not work directly with patients, fitting or dispensing optical devices, but only was active in the preparation and supervision of preparation for their eventual use of lenses by edging, grinding, and like purely mechanical tasks. Nevertheless, Schwab asserts that he is entitled to a license under the "Grandfather" clause because the definition reads that a dispensing optician is one who "prepares or dispenses" lenses, etc. § 32–1671(2), supra.

It is the position of the board that the statute was enacted only to license the dispenser and it argues that the Court must consider the word "or" used between the words "prepares" and "dispenses" as the conjunctive rather than the alternative. The trial court obviously gave effect to the

---

1. Amended by Laws 1959, Ch. 117, § 1, deleting the words "prepares or" from the definition quoted above.

literal meaning of the statute construing "or" in the disjunctive and hence in the alternative, and it must have concluded that the word "prepares" meant the mechanical tasks of grinding, edging and the like. Whether this construction is correct is the basic question to be decided.

■ We are of the opinion that neither the construction adopted by the lower court, urged here by the appellee, nor that urged by the appellant is correct. Where the language of the statute is susceptible of several interpretations, a court will adopt that which is reasonable and avoids contradictions or absurdities. Isley v. School District No. 2 of Maricopa County, 81 Ariz. 280, 305 P.2d 432. The undisputed evidence here discloses that the dispensing of optical devices on written prescription requires special training. If the lower court's construction is adhered to a person who has had training only in the mechanical preparation of lenses by edging, grinding and the like would be entitled to a license to dispense optical devices on written prescription from physicians or optometrists without being qualified to interpret, measure, adapt, fit or adjust the same for the correction of visual and ocular anomalies.

■■ Words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise that a different sense was intended. Arizona Eastern R. R. Co. v. Matthews, 20 Ariz. 282, 180 P. 159, 7 A.L.R. 1149. The word "prepare" is defined by Webster's New International Dictionary, Third Edition as meaning "fit". If prepare is used in this sense in the phrase "prepares or dispenses", the statute would read: "dispensing optician * * * means any person * * * who fits or dispenses lenses, contact lenses, spectacles, eyeglasses, artificial eyes, optical devices, appurtenances thereto or parts thereof to the intended wearer on prescription, etc." As so interpreted contradictions and absurdities disappear.

■ An examination of the entire act leads to the conclusion that the legislative intent was to regulate the fitting of optical devices to the intended wearer by licensing the dispensing of such devices. In construing an act, we should give effect to all portions thereof that are pertinent. Arizona Corp. Commission v. Gem State Mut. Life Ass'n, 72 Ariz. 403, 236 P.2d 730.

■ By § 32–1683 the qualifications for the granting of an original license are set forth. Applicants by paragraph 6, sections (b), (c), and (d) are required to establish technical skill and training by submitting evidence of apprenticeship in "all principal phases of optical dispensing" resulting in acquiring minimum basic skills "required for optical dispensing". The act does not set up any standards for licensing of those who are engaged in more limited areas of opticianry such as the mechanical prepara-

**332**

tion of lenses, etc. The responsibility to the public for correct grinding, etc. is placed in the hands of the fitter or dispenser and this is the person the statute seeks to control by requiring that he be qualified and licensed.

The result of our construction is that appellee has not brought himself within the provisions of the "Grandfather" clause, § 32–1684 subd. B and the judgment of the superior court must be set aside.

It is so ordered.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.