406 P.2d 227

**CITY OF TUCSON, a municipal corporation, Petitioner,**

v.

**SUPERIOR COURT OF PIMA COUNTY, the Honorable Judge Lee Garrett, Thomas R. Cox, and Joe Bermudez, Respondents.**

**No. 2 CA–CIV 130.**

Court of Appeals of Arizona.

Oct. 8, 1965.

Calvin Webster, City Atty., Ronald L. Crismon, Asst. City Atty., Tucson, for petitioner.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for respondents.

MOLLOY, Judge.

This opinion is written to dispose of a writ of certiorari issued by this court to the Superior Court of Pima County to review an order of that court dismissing two appeals from judgments of a justice of the peace court.

The two actions in the justice court were filed by the plaintiffs Cox and Bermudez to recover sewer connection fees alleged to have been illegally assessed against them by the City of Tucson. The City failed to answer these complaints and judgment by default was entered against it for the amounts prayed for in the complaints. Within the time permitted by law for appeals from justice court, the City of Tucson filed notices of appeal in each of these actions. It did not, however, file a bond in either action. The pertinent section of the Arizona Revised Statute provides:

"§ 22–262. Notice of appeal; bond

"A. The party appealing shall give notice of appeal in open court at the time judgment is given or shall give notice of appeal by serving a written notice upon the adverse party within five days after judgment is given, and *shall within ten days from date of the judgment file with the justice of the peace a bond*, which shall be approved by the justice, in double the amount of the judgment, payable to appellee and conditioned that appellant prosecute his appeal to effect and satisfy the judgment which may be rendered against him on the appeal." (Emphasis added.)

On motion to dismiss filed by the plaintiffs, the lower court dismissed both actions, holding that the filing of the bond was a jurisdictional requisite to the perfecting of an appeal.

It is the contention of the City that it is exempt from filing a bond on an appeal from a justice court by reason of Rule 73 (p), Rules of Civil Procedure, 16 A.R.S. which reads as follows:

> "Exemption from bond for costs on appeal. No bond shall be required for an appeal taken by the state, county, school district, city, or town, or by a state board or commission, or a state, county, school district, city or town officer in his official capacity, or by an executor, administrator, or guardian in his representative capacity."

The City points out that the Rules of Civil Procedure have been made pertinent to proceedings in the justice court by A. R.S. § 22–211 which reads as follows:

> "Procedure and practice
>
> "The law governing procedure and practice in the superior court so far as applicable and when not otherwise specially prescribed, shall govern procedure and practice in justice of the peace courts, except that the justice of the peace shall not charge the jury."

The plaintiffs contend that the above quoted A.R.S. § 22–262 is a special statute governing appeals in justice court and therefore there is no need to apply the general procedure statute, A.R.S. § 22–211. Their contention, applying the reasoning of expressio unius est exclusio alterius, is that inasmuch as A.R.S. § 22–262 makes no exception to the requirement for a bond when an appeal is taken by a city, there is no exception.

■ This court believes there is some ambiguity in the wording of A.R.S. § 22–211 as to whether it was intended that it incorporate in the justice court practice the provisions pertaining to the superior court exempting a city from posting an appeal bond. When there is ambiguity in a statute, it is proper to consider its legislative history. Rothweiler v. Superior Court of Pima County, 1 Ariz.App. 334, 402 P.2d 1010 (1965).

In the 1913 Revised Statutes of Arizona, there were seventeen sections adopting as the procedure in the justice court various provisions applying to the superior court. One of these was § 1349, which read as follows:

> "The rules prescribed for the justification of sureties on appeal bonds, in appeals from the superior court to the supreme court, and the rule allowing parties who are unable to pay costs on appeal or to give security therefor, *to have appeal without giving bond*, shall govern in justice's court." (Emphasis added.)

The seventeen sections of the 1913 Code were condensed in the 1928 Code into § 4209, which read as follows:

> "The law governing the procedure in the superior courts regarding parties to a suit; pertaining to costs; the contents of summonses, the issuance, service and return of summons; the acceptance of service and entrance of appearance; the amendment of pleadings; challenge of jurymen; the mode of proceeding on trial before a jury [except that the justice of the peace shall not charge the jury] or before the justice without a jury; the procuring of witnesses and the taking of testimony; judgments and the granting of new trials, the issuance of writs or other processes and their execution and return; *the giving of bonds*, and all other laws of procedure, so far as applicable and not otherwise especially prescribed, shall govern the procedure in justice of the peace courts. (§§ 1298–9, 1301, 1304, 1308, 1311, 1315, 1319, 1321, 1323–4, 1330, 1334–5, 1340, 1349–50, R.S. '13, cons. & rev.)" (Emphasis added.)

A.R.S. § 22–211, above quoted, as adopted in 1956, would appear to be either a further condensation of the 1928 Code provision

(which remained the same in the 1939 Code as § 20–708), or to have been taken from the law of Texas (Vernon's Texas Rules of Civil Procedure, Rule 523.[1]

■ If the former (i. e., a further condensation), we hold that there was no legislative intent to change the law. Rothweiler v. Superior Court of Pima County, 1 Ariz.App. 334, 402 P.2d 1010 (1965). If the latter (i. e., the adoption of a statutory provision of another state), the interpretations of that statute by the courts of that other state are most persuasive. In re Lynch's Estate, 92 Ariz. 354, 377 P.2d 199 (1962).

The predecessor statute to Rule 523 of the Texas Rules of Civil Procedure was construed in two early decisions of the Court of Appeals of the State of Texas: Kerr v. Stone, 1 White & W. Civ.Cas.Ct. App. § 810, p. 462 (1882) and Masterton v. Conrad, 2 White & W. Civ.Cas.Ct.App. § 754, p. 660 (1885). In both of these cases it was held that the general statute, adopting in the justice court the procedure for civil cases in the district and county courts, made applicable in the justice court the statutory provision that on appeals from the county and district courts no bond need be filed by executors, administrators or guardians.

An almost identical problem of statutory construction was presented in the State of Ohio and was solved in a similar way by the decision of Steele v. Midwest Haulers, Inc., 141 Ohio St. 369, 48 N.E.2d 230 (1943).

■ For the reasons stated, this court is of the opinion that the trial court erred in dismissing the appeals taken by the City of Tucson. In view of the reasoning of this court, it is not necessary to determine whether the filing of an appeal bond is a jurisdictional requisite to the perfecting of an appeal under A.R.S. § 22–262.

The order dismissing appeals is reversed and the trial court is directed to enter an order reinstating these two appellate proceedings.

KRUCKER, C. J., and HATHAWAY, J., concurring.

---

1. "Rule 523: District Court Rules Govern.
   "All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules."