469 P.2d 68

Melanie LUECK, surviving widow of William T. Lueck, deceased, and William C. Lueck and Ada D. Lueck, surviving parents of William T. Lueck, deceased, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF COCHISE, and the Honorable Lloyd C. Helm, Judge, and Southern Pacific Company, a corporation, Respondents.

No. 9791–PR.

Supreme Court of Arizona,
In Banc.

May 12, 1970.

Rehearing Denied June 9, 1970.

584

Barber & Haralson, Tucson, for petitioners.

Bilby, Thompson, Shoenhair & Warnock, P. C., Tucson, for respondent, Southern Pac. Co.

HAYS, Justice.

This case comes to us on a petition for review of a decision of Division II of the Court of Appeals, which petition we granted. The decision of the Court of Appeals in 10 Ariz.App. 161, 457 P.2d 348 (1969) is vacated.

The Court of Appeals granted a writ of certiorari to review the trial court's denial of a motion to file an amended complaint in a wrongful death action. The motion sought to amend and add the parents of the deceased as additional party-plaintiffs in an action originally brought by the surviving wife on behalf of herself and two minor children. The trial court denied the motion to amend even though the plaintiff alleged that the parents were dependent upon their deceased son for support.

The basic issue presented is whether our Death by Wrongful Act Statute, A.R.S. § 12–611 through § 12–613, authorizes parents of a deceased son to recover for his wrongful death when there are also surviving a wife and children. The concept embodied in wrongful death recovery is purely statutory and the answer to that issue lies in the language of the statute. See In Re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877 (1966) for a history of the wrongful death statute.

The following sections of the statute are dispositive of the issue herein:

"§ 12–612.  Parties plaintiff; recovery; distribution

A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

\*    \*    \*    \*    \*    \*

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A and in the proportions provided by law for distribution of personal estate left by persons dying intestate."

"§ 12–613.  Measure of damages; nonliability for debts of decedent

In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. The amount recovered in such

action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate."

The appellant, Southern Pacific Company, contends that a fair reading of A.R.S. § 12–612, subsec. C indicates a legislative intention to cut off the parents' right to sue when there are wife and children surviving, this being indicated by the fact that under the Arizona law "for distribution of personal estate left by persons dying intestate" the parents would take nothing. See A.R.S. § 14–201. They also contend that this position is further supported by the use of the disjunctive "or" in A.R.S. § 12–612, subsec. A between the words "children" or "parents."

On the other hand, the appellee asserts that A.R.S. § 12–612, subsec. C applies only where there is no spouse, child, or parent surviving, and that the use of "or" in subsection A is in the conjunctive rather than disjunctive sense. She then argues that the Legislature could hardly have intended to give surviving beneficiaries damages measured by the respective injuries sustained by reason of the wrongful death, and then to give these damages to those who would take according to the laws of intestate succession. A poignant example is given of an infant child receiving the same amount of damages as a child who is wholly independent and supporting himself. Surely the Legislature couldn't have intended such an unjust result!

This is not the first time this problem has arisen. The Supreme Court of Michigan wrestled with a similar problem in In Re Venneman's Estate, 286 Mich. 368, 282 N.W. 180 (1938). The court's resolution of the issue in that case is found in the following quotation:

"There is an obvious inconsistency between the statutory rules that the damages shall be assessed on the basis of the pecuniary loss suffered by the beneficiaries, and that such damages when recovered shall be distributed among the beneficiaries, not according to the damages suffered by them respectively, but according to the proportions fixed by the statute of descent and distribution. Nevertheless the statutory rule of distribution is mandatory, and all the statutory beneficiaries are entitled to share in the recovery in the statutory proportions, regardless of the fact that some have suffered more damages than others, or have been guilty of contributory negligence." 282 N.W. at 183.

Thereafter, the Legislature of Michigan amended the statute to remove the alleged injustice of its provisions. See Currie v. Fiting, 375 Mich. 440, 134 N.W.2d 611, 619 (1965).

The Michigan Court also said in language we find most pertinent here:

"It may be admitted that the statutory provision as to distribution works a hardship and possible injustice to Mrs. Venneman, still we are compelled to follow the clear and express language of the law as enacted by the legislature. The wisdom of the statute is not a matter for the consideration of the court, but is wholly within the control of the legislature." 282 N.W. at 184.

Some of the other cases which have considered this problem include: Northern Indiana Power Co. v. West, 218 Ind. 321, 32 N.E.2d 713 (1941); Moseley v. Beard, 203 Ark. 731, 158 S.W.2d 917 (1942); and Murphy v. Duluth–Superior Bus Co. 200 Minn. 345, 274 N.W. 515 (1937). See also cases and annotations in 14 A.L.R. 509, 112 A.L.R. 30, and 171 A.L.R. 204.

It is our opinion that there is no ambiguity in this statute which cries out for the wizardry of statutory construction. Whether we like the result or not, we find the words to be plain and their meaning to be evident. When we find that the common law or "judge-made law" is unjust or out of step with the times, we have no reluctance to change it. Stone v. Ariz. Hwy. Comm., 93 Ariz. 384, 381 P.2d 107 (1963). Here we are dealing with a legislative enactment, and it is

proper that only the Legislature correct any deficiencies therein.

We hold that the parents of the deceased have no right to recover for his wrongful death because there are also surviving a wife and children. The trial court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, J., concur.

McFARLAND, Justice (dissenting).

William T. Lueck was killed November 29, 1966, in a collision with a Southern Pacific locomotive. He was survived by his wife Melanie; two children; and William C. Lueck and Ada D. Lueck, his parents. The original complaint was filed by Melanie. Later she filed a motion to amend the complaint to include the surviving parents, William C. and Ada D. Lueck, as party plaintiffs or in the alternative allowing representation of them by plaintiff Melanie Lueck as provided in § 12–612, A.R.S. The defendant Southern Pacific Company objected to the amendment, stating that it was the legislative intent of § 12–612, subsec. B, A.R.S., that

a father or mother be allowed to bring an action for a child where such child is not survived by a husband, wife, or children of his own, and did not provide that parents would have an independent cause of action or could be a party plaintiff in an action brought by the surviving spouse of the deceased.

Thus the question before this Court turns upon whether the surviving parents may recover where there is a surviving spouse and children. In In Re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877, we set forth the history of the wrongful-death statute:

"We enacted our wrongful-death statute for the first time in 1887. § 2145 et seq., Revised Statutes of Arizona, 1887.[1] This provision was strikingly similar to the Original Lord Campbell's Act of England. Southern Pacific Co. v. Wilson, 10 Ariz. 162, 85 P. 401. This statute created a new cause of action for the benefit of the beneficiaries named in the statute, but recovery under such statute is not an asset of the deceased's estate. Annot. 14 A.L.R. 516 (1921).

"This statute was amended in 1901[2] to provide that the cause of action was

---

1. "§ 2149. The action shall be for the sole and *exclusive benefit* of the surviving husband, wife, children and parents of the person whose death shall have been so caused, and the amount recovered therein shall not be liable for the debts of the deceased. [Emphasis added.]

   "§ 2150. The action may be brought by all the parties entitled thereto, or by any one or more of them for the benefit of all.

   "§ 2151. If the parties entitled to the benefit of the action shall fail to commence the same within six months after the death of the deceased, it shall be the duty of the executor or administrator of the deceased to commence and prosecute the action, unless requested by all of the parties entitled thereto not to prosecute the same.

   \*   \*   \*   \*   \*

   "§ 2155. The jury may give such damages as they may think proportioned to the injury resulting from such death; and the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict."

2. "§ 2765. Every such action shall be brought by and in the name of the personal representative of such deceased person; and, *provided*, that the father, or in the case of his death or desertion of his family, the mother, may maintain the action for the death of a child, and the guardian for the death of his ward; and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate.

   "§ 2766. In every such case the jury shall give such damages as they shall deem fair and just, not exceeding five thousand dollars, and the amount so recovered shall not be subject to any debts or liabilities of the deceased: *Provided*, That every such action shall be commenced within one year after the death of such deceased person. If the defendant in any such action die pending the suit, his executor or administrator may be made a party and the suit be prosecuted to judgment as though such defendant had continued alive. The judgment in such case, if rendered in favor of

one for the benefit of the estate, rather than for the benefit of the named beneficiaries. Southern Pacific Co. v. Wilson, supra.

"In A.R.S. § 12–612 [3], adopted in 1956, we have re-enacted the substance of the provisions making the action for the benefit of the surviving husband, wife, children, and parents, as found in the 1887 statute. The claim is not an asset of the deceased's estate. A.R.S. § 12–612, subsec. A, reads as follows:

"'A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person *for and on behalf of the surviving husband or wife, children or parents,* or if none of these survive, on behalf of the decedent's estate.' [Emphasis added.]

"Under the 1956 statute the claim is for damages to the named survivors rather than damages to the estate. A.R.S. § 12–613 provides, in part:

"'In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death *to the surviving parties who may be entitled to recover,* and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. * * *' [Emphasis added.]

"It is therefore the conclusion of this court that a wrongful-death claim of a surviving widow and children is not a claim ' * * * by * * * the estate' under the provisions of A.R.S. § 14–474. "Dockery v. Central Arizona L. & P. Co., 45 Ariz. 434, 45 P.2d 656, and Estate of Hannerkam, 51 Ariz. 447, 77 P.2d 814, cited by Farmers, wherein it was held that wrongful-death action is one pertaining to the estate of deceased, were decided under the statute as it existed prior to 1956. Thus they are not applicable to the instant case.

"The amendment of 1956 makes plain the action is only for the benefit of decedent's estate when there are no 'surviving husband or wife, children or parents.' The question then is in regard to the jurisdiction of a probate court where there are survivors, and the authority of the personal representative to compromise a claim." [Footnotes renumbered.]

We then quoted from Dominguez v. Galindo, 122 Cal.App.2d 76, 264 P.2d 213; Bright's Estate v. Western Air Lines, 104 Cal.App.2d 827, 232 P.2d 523; and Anderson v. Clough, 191 Or. 292, 230 P.2d 204, where suit was brought under similar wrongful-death statutes and it was held that the money recovered does not belong to the estate but to the heirs and dependents only, and that a plaintiff authorized to bring such an action is simply made a statutory trustee for the benefit of the

the plaintiff, shall be paid in due course of administration."

3. "§ 12–612. Parties plaintiff; recovery; distribution
"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.
"B. The father, or in the case of his death or desertion of his family, the mother, may maintain the action for death of a child, and the guardian for death of his' ward.

"C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A and in the proportions provided by law for distribution of personal estate left by persons dying intestate.

"D. The term 'personal representative' as used in this section shall include any person to whom letters testamentary or of administration are granted by competent authority under the laws of this or any other state. The action for wrongful death may be maintained by any such personal representative *without issuance* of further letters, or other requirement or authorization of law. As amended Laws 1956, Ch. 46, § 1."

heirs and dependents on account of whom the recovery is had. It will be noted that § 12–612 provides that an action for wrongful death be brought by and in the name of the surviving husband or wife, or personal representative of the deceased persons for "and on behalf of the surviving husband or wife, children or parents," and then specifically provides that if none of these survive "on behalf of the decedent's estate." The contention of Southern Pacific is that because the conjunction "or" is used the parents are not included, when there is a surviving spouse or child. However, it is made plain in the next line that the suit does not include the estate unless none of these individuals survive.

I cannot agree with the construction placed upon this statute by Southern Pacific and accepted by the majority. In my opinion it was the intent of the legislature, in enacting § 12–612, to designate the party who could bring an action for a wrongful death, and designate the different ones entitled to recover. The meaning of the section was that it could be brought in behalf of the surviving husband or wife, children, or parents if they were in fact damaged by the wrongful death and thereby entitled to recover. This is made plain by § 12–613, which provides that:

> " * * * the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, * * *"

The intent of the legislature in this section was to give to the parties injured fair and just damages resulting from the wrongful death. This is particularly made plain by the provision that the amount recovered shall not be subject to the debts or liabilities of the deceased unless the action is brought on behalf of the decedent's estate, which cannot be done where there is a surviving spouse, surviving children, or surviving parents.

In the recent case of City of Tucson v. Wondergem, 105 Ariz. 429, 466 P.2d 383, in defining the measure of damages which could be recovered by a surviving spouse, we held:

> "While the question presented was not the same as in the instant case, this Court, in Boies v. Cole, 99 Ariz. 198, 203, 407 P.2d 917, 920, stated that in a wrongful-death action;
>
> " ' * * * The measure of damages is no longer limited to pecuniary damages, but also includes allowance for such things as loss of companionship, comfort and guidance. * * *'
>
> "There can be little argument against allowing damages 'resulting from the death' for 'anguish, sorrow, stress, mental suffering, pain and shock,' under the facts of the instant case, where we have held, as in Boies v. Cole, supra, that damages for loss of companionship, comfort and guidance are recoverable. The loss of companionship and comfort certainly results in sorrow, and the failure to permit such recovery falls short of 'fair and just' standards set forth in § 12–613, A.R.S. * * * [Cases cited.]."

In interpreting statutes and parts of statutes consistency is of prime importance. In their interpretation, where it is possible to do so, the courts must harmonize and reconcile laws and must adopt the construction which harmonizes and reconciles them with other statutory provisions. Inconsistencies should be avoided where a reasonable interpretation can be adopted which does not do violence to the plain words of the act. City of Mesa v. Salt River Project Agr. Imp. & P. Dist., 92 Ariz. 91, 373 P.2d 722, app. dismissed, 372 U.S. 704, 83 S.Ct. 1018, 10 L.Ed.2d 124; City of Tucson v. Superior Court of Pima County, 2 Ariz.App. 25, 406 P.2d 227. In Arizona Gunite Builders, Inc., v. Continental Cas. Co., 105 Ariz. 99, 459 P.2d 724, we held:

> " * * * [I]n the intervening years, the statute has been subject to constant revision, a history of which is set forth in this Court's opinion in Employment Security Commission v. Fish, 92 Ariz. 140, 375 P.2d 20, and, as we there stated, ' * * * the intent of the legislature

if it can be ascertained is the criterion we must follow. * * *'

"In Estate of Stark, 52 Ariz. 416, 422 82 P.2d 894, 896, we said:

" 'We have repeatedly held that the cardinal rule of statutory construction is that we must, if possible, ascertain the intent of the legislature. There are many things which we are permitted and, indeed, required to take into consideration in ascertaining this, such as the language used, its grammatical construction, other statutes *in pari materia,* the general policy of the state, and many other well known rules of construction. * * *'

"Section 32–1162, A.R.S. states:

" 'Nothing in this chapter [Chap. 10, Tit. 32] shall be deemed to affect the mechanic's lien law.'

"Therefore, to properly construe § 32–1152 it must be read in the light of, and harmonized with the Mechanics' and Materialmen's Lien Law, §§ 33–981 et seq.

" 'Statutes which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose are in pari materia.' 82 C.J.S. Statutes § 366.

"In Home Owners' Loan Corp. v. City of Phoenix, 51 Ariz. 455, 461, 77 P.2d 818, 820, this Court said:

" 'It is a rule of construction that statutes *in pari materia* must be read and construed together and that all parts of the law on the same subject must be given effect, if possible.'

"Isley v. School District No. 2 of Maricopa County, 81 Ariz. 280, 305 P.2d 432; Arizona Corporation Commission v. Gem State Mutual Life Association, Inc., 72 Ariz. 403, 236 P.2d 730; Crawford, Statutory Construction § 231."

In Milliman, supra, we construed this section as designating the parties who could bring the action. This is in accordance with the history of the statute. Section 2765 of the 1901 Code provided that the action would be brought by a **personal** representative. Section 12–612, passed in 1956, amended and changed the parties permitted to bring such an action. In Milliman, we made it plain that the wrongful-death claim is not a claim by the estate under the provisions of § 14–474, A.R.S. In Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120, the appellate court, in interpreting § 12–612, subsec. C, held that it was only applicable when there was no surviving "spouse, parent, or child." Certainly they would be permitted to bring the action in that event, but the intent of the legislature was to permit a recovery by all of the parties injured. The statute enumerated the spouse, the child, and the parents. The estate, of course, could not recover for an injury to either. However, there could be an injury to the estate; for example, if an automobile were demolished in an accident, then the claim for the automobile would belong to the estate, and whatever damage was recovered for its loss would be distributed in accordance with § 12–612, subsec. C. This is a common sense interpretation of the intent of the legislature. It harmonizes § 12–612, subsec. C with § 12–613, which provides that the damages to the injured parties "shall be fair and just * * * to the surviving parties who may be entitled to recovery." Otherwise, there could be parties, who were not injured, receiving damages only because they would come within the provisions of § 14–474, A.R.S. One child might be of age, and not be damaged under the law, but could recover under the provisions of § 14–474, A.R.S., as provided under § 12–612, subsec. C, A.R.S. Where would such money come from? It would have to come from the damages to the minors—that is, those found to be fair and just for their injuries. In my opinion, the legislature never intended to take part of the money for injuries to a minor frequently of tender years— which would include such items as money for education and support—and give it to an adult.

Since § 12–612, A.R.S., permits the surviving spouse to bring the action on behalf

of all the surviving parties, it is my opinion that the court should have permitted an amendment to the complaint making the parents named beneficiaries, unless there appeared to be a conflict between the surviving parties, in which event the parents should be allowed to become party plaintiffs. Therefore, I dissent from the majority opinion.