492 P.2d 1220

**Mary E. WALTHERS, Administratrix of the Estate of Ricardo A. Gonzales, Deceased, Appellant,**

v.

**Carl KROLL et al., Appellees.**

**No. 1 CA–CIV 1574.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 26, 1972.

Rehearing Denied Feb. 16, 1972.

Review Denied March 28, 1972.

Machmer & Schlosser, Ltd. by Gerald A. Machmer, Phoenix, for appellant.

Johnson, Tucker & Jessen by Kenneth L. Tucker, Phoenix, for appellees Kroll and Raymond.

Moore, Romley, Kaplan, Robins & Green by Robert A. Scheffing, Phoenix, for appellees Marin.

DONOFRIO, Judge.

This is an appeal by plaintiff from a summary judgment dismissing a wrongful death action.

The plaintiff, as Administratrix of the estate of Richard A. Gonzales, instituted this action insofar as pertinent herein, on behalf of Ida Roper, the mother of the deceased, to recover for the death of her son allegedly wrongfully caused by the negligence of the defendants in an automobile accident. The trial court granted defendants' motion for summary judgment upon the grounds that the spouse who survived Gonzales settled the negligence action involving the same accident, thereby precluding any recovery by the parent.

The question we are called upon to decide is whether a surviving parent of a deceased son who lived with the parent has the right to bring a wrongful death action on account of his death when there is also living an estranged wife of said decedent who has settled a wrongful death action based on his death.

Our Supreme Court has passed upon the legal question involved in Lueck v. Superior Court, County of Cochise, 105 Ariz. 583, 469 P.2d 68 (1970), when it stated:

"We hold that the parents of the deceased have no right to recover for his wrongful death because there are also surviving a wife and children. * * *"
105 Ariz. at 586, 469 P.2d at 71.

That case decided whether a surviving parent had the right to recover when a spouse survives. Pertinent to the Court's conclu-

sion in Lueck is the following language relating to the wrongful death statutes:

"It is our opinion that there is no ambiguity in this statute which cries out for the wizardry of statutory construction. Whether we like the result or not, we find the words to be plain and their meaning to be evident. When we find that the common law or 'judge-made law' is unjust or out of step with the times, we have no reluctance to change it. (citation omitted) Here we are dealing with a legislative enactment, and it is proper that only the Legislature correct any deficiencies therein." 105 Ariz. at 585, 586, 469 P.2d at 70.

While the instant case has been on appeal the Supreme Court has again passed upon the statutes involved, particularly A. R.S. § 12–612, and has cited Lueck with approval in Solomon v. Harman, 107 Ariz. 426, 489 P.2d 236 (1971).

It is not this Court's prerogative to disregard the pronouncements of law made by our Supreme Court, McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968), therefore we must answer plaintiff's question in the negative and affirm the ruling of the trial court.

Inasmuch as plaintiff has made a strong case in favor of changing the law, we deem it only fair to set forth briefly the facts of the situation to show the equity of plaintiff's position.

Deceased was married to the surviving wife in February 1955. She filed an action for divorce on July 28, 1959 and a default was entered on August 20, 1959. No decree of divorce was ever entered. The deceased and his wife did not reside together from July 1959 to the date of his death on August 21, 1968. After decedent's death his estranged wife filed an action for wrongful death. Unbeknown to the surviving brothers, sister and mother of the decedent the case was settled by the payment of $10,000 to the wife. No provision was made for the payment of funeral expenses, last illness expenses or claims against the estate, nor was a daughter not

the child of the surviving estranged spouse or decedent's mother ever considered for support in the settlement. According to the mother's deposition, the decedent lived with her most of the time and with the exception of a small government allotment he was her sole means of support.

We do not propose solutions, but only reiterate the words of our Supreme Court in Lueck, "it is proper that only the Legislature correct any deficiencies" in our law.

Affirmed.

STEVENS, P. J., and CASE, J., concur.