** Summary **
TRAIL BIKES OR MINI BIKES NOT ALLOWED ON STREETS OR HIGHWAYS Those so-called "trail-bikes" and "mini-bikes" which were registered and in operation prior to the effective date of 47 O.S. 22.5-1 [47-22.5-1] (1971) are not exempt from the provisions of that statute, since the Legislature did not provide such exemption in its Act. The Attorney General has considered your request for an opinion wherein you ask, in effect: "In regard to House Bill 1776 which outlawed the registration and operation of so-called "mini-bikes" and "trail-bikes" in the State of Oklahoma, were those vehicles defined as "mini-bikes" and "trailbikes" in House Bill 1776 which were registered at the effective date of that act, exempted from the operation of said act?" House Bill 1776 has now been codified and it is found in Title 47 O.S. 22.5-1 [47-22.5-1] (1971), which was effective April 15, 1970. That statute provides in part: "The Legislature hereby declares that notwithstanding the definition of the terms "motor vehicle" and "motorcycle," contained in the Motor Vehicle License and Registration Act, 22.1, Title 47 O.S. and the Oklahoma Motor Vehicle Commission Act, 562, Title 47 O.S., or any other provision of said act, self-propelled or motor-driven cycles, known and commonly referred to as 'minibikes, "trail-bikes' and other similar trade names, shall not be registered under this act or be permitted to be operated on the streets or highways of this State. . . ." (Emphasis added) Prior to the adoption of said statute, mini-bikes and trail-bikes came within the definition of a motorcycle, which is found in 47 O.S. 22.1 [47-22.1] (1971). That section provided in part that a motorcycle was defined as: "Every motor vehicle having a saddle for use of the rider, and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor." In that same statute a motor vehicle was defined as: "Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails or stationary tracks." Under the provisions of Title 47 O.S. 22.3 [47-22.3] (1971) every owner or possessor of a vehicle as defined in 47 O.S. 22.1 [47-22.1] (1971) is required to prepare and file with the Oklahoma Tax Commission an application for the registration of such vehicles. Title 47 O.S. 22.5-1 [47-22.5-1] is clear on its face and there is no apparent ambiguity in its wording. It provides that certain classes of vehicles shall not be registered or be permitted to be operated on the streets or highways of this State. The Oklahoma Supreme Court has held: "Words of a statute should be interpreted in their ordinary, every day sense, unless a contrary interpretation is indicated in the specific statute." Parker v. State,424 P.2d 997 (Okl.Cr. 1967). Cases have generally held that those parts of statutes commonly known as "grandfather clauses" are specific provisions within the statute which permit those who have been in continuous practice in a particular occupation or business for a prescribed period immediately preceding the effective date of a governing statute, to receive a license. See The State Board of Dispensing Optitions v. Schwab, 380 P.2d 784
(Ariz. 1963). Also In re Burman, 97 S.E.2d 232 (N.C.) held that the term "grandfather clause" in recent years has been applied to provisions in regulatory statutes or ordinances that extend certain prerogatives to persons theretofore established in that profession, occupation, or business regulated. So essentially a grandfather clause is a device for exempting a certain class from the operation or governing effect of a subsequent regulatory statute. It is clear that for a "grandfather clause" exemption from regulation to exist, that there must be express language to that effect within the statute. It is to be noted that Title 47 O.S. 22.5-1 [47-22.5-1] (1971) contains no language exempting from its operation those vehicles which were registered and in operation prior to and at the effective date of the act. Since the statute is silent on this point, the plain, literal, unambiguous meaning of the statute must be given effect. Therefore it is the opinion of the Attorney General that your question be answered in the negative. Those so-called "trail-bikes" and "mini-bikes" which were registered and in operation prior to the effective date of 47 O.S. 22.5-1 [47-22.5-1] (1971) are not exempt from the provisions of that statute, since the Legislature did not provide such exemption in its Act. (Steven E. Moore)