THE ATTORNEY GENERAL
OF TEXAS


March 21, 1990

JIM MATTOX
ATTORNEY GENERAL

Honorable Ashley Smith                Opinion No.  JM-1149
Chairman
Financial Institutions Committee      Re: Certification require-
Texas House of Representatives        ments for a constable who
P. O. Box 2910                        has previously held the
Austin, Texas    78769                office    (RQ-1889)

Dear Representative Smith:

You ask whether a person who held the office of constable from January 1, 1981, through December 31, 1984, and thereafter from January 1, 1989, to present is required to meet the requirements for licensing or certification by the Commission on Law Enforcement Officer Standards and Education under chapter 415 of the Government Code.

Section 415.010 of the Government Code provides that the Commission on Law Enforcement Officer Standards and Education may:

> (1) adopt rules for the administration of this chapter . . . .
>
> (10) establish minimum standards relating to competence and reliability, including educational, training, physical, mental, and moral standards, for licensing as an officer, county jailer, or public security officer.

Section 415.015 of the Government Code provides in pertinent part:

> (c) This chapter does not affect a constable or other officer or county jailer elected under the Texas Constitution before September 1, 1985, and does not affect a sheriff.  (Emphasis added.)

The commission promulgated rule 211.82, 12 Tex. Reg. 4851 (1987), providing:

      (i) The commission shall issue a permanent peace officer license to any peace officer, elected or appointed under the Texas Constitution after September 1, 1985, if that officer meets all the minimum standards for peace officer licensing, including the training and testing requirements. Such license shall be subject to revocation as any other peace officer license issued by the commission. _This subsection shall not apply to_:

      (1) a sheriff; or

      (2) _a constable_ or any other constitutional peace officer _who first assumed office before September 1, 1985, even if re-elected after that date unless there was a break in office and that officer was then re-elected after that date to that or another office as a constitutional peace officer_. (Emphasis added.)

The courts will give weight to an agency's interpretation of a statute, but will not respect an agency's interpretation contrary to the clear meaning of an unambiguous statute. 2 Tex. Jur. 3d, Administrative Law § 7.

We do not believe that rule 211.82 is contrary to the meaning of section 415.015. The exemption to training and educational requirements afforded a constable elected before September 1, 1985, appears to be a provision commonly referred to as the "grandfather" clause. We find the interpretation given section 415.015 by the commission in rule 211.82 to be consistent with the construction the courts have given the "grandfather" clause. The Supreme Court of Arizona in _State Bd. of Dispensing Opticians v. Schwab_, 380 P.2d 784 (1963), in addressing the meaning of the "grandfather" clause stated:

      'Grandfather' clauses are generally found where occupations not formerly regulated by statute are brought under legislative control. They permit those who have been in continuous practice in the particular occupation for a prescribed period immediately preceding the effective date of the act to receive a license.

Under your scenario there was a break in the constable's service from December 31, 1984, to January 1, 1989. Therefore, the constable had not been in continuous service in that office immediately preceding September 1, 1985. We conclude that the constable in question does not come within the exception to the officer licensing requirements provided in subsection (c) of section 415.015.[1]

## S U M M A R Y

A constable whose tenure of office ceased on December 31, 1984, and did not resume until January 1, 1989, is required to meet the requirements for licensing by the Commission on Law Enforcement Officer Standards and Education.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General

---

1. Section 415.053 of the Government Code allows an officer elected under the Texas Constitution two years after the officer takes office to complete the commission's licensing requirements.