[Civil No. 4638. Filed December 31, 1943.]

[144 Pac. (2d) 548.]

THE INDUSTRIAL COMMISSION OF ARIZONA, Appellant, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, and AMOS A. BETTS, WILSON T. WRIGHT and WILLIAM PETERSON, acting as the Arizona Corporation Commission, Appellees.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for Appellant.

Messrs. Jennings & Salmon and Mr. Ozell M. Trask, for Appellee Hartford Accident and Indemnity Company.

HALL, Superior Judge.—The Industrial Commission of Arizona, appellant herein, brought suit against the Hartford Accident & Indemnity Company, appellee, hereinafter referred to as the company, to recover taxes allegedly due on workmen's compensation insurance premiums for the years 1936 to 1941, inclusive, in the sum of $1,705.70. The Arizona Corporation Commission was properly brought in as a third party defendant.

The company answered that the taxes sued for had been paid and pleaded further by way of interpleader that demand had been made upon it by the appellant for payment of an additional two per cent tax on the same premiums, and asked the court to adjudge its liability under the two statutes hereinafter referred to.

The determinative question presented involves the construction of Section 56–932, Arizona Code 1939, hereinafter referred to as the workmen's compensation statute, which provides, so far as material, as follows:

"Such insurance carrier shall pay to the state treasurer, for the credit of the expense reserve of the state fund, in lieu of all other taxes on workmen's compensation insurance, a tax of two (2) per cent on all premiums collected or contracted for during the year ending December thirty-first next preceding, less deductions from said premiums, also amounts paid to policy holders as return premiums, and the amount paid as premiums to admitted companies for reinsurance on workmen's compensation insurance in this state";

and of Section 61–328, as amended, Laws 1941,

c. 113, § 3, hereinafter referred to as the insurance statute, which provides, in part, as follows:

"(c) Every foreign and alien company doing business in this state shall pay to the state treasurer, through the commission, a tax of two (2) per cent of the gross amount of all premiums received on policies and contracts of insurance covering property or other risks within this state during the year ending December 31 next preceding, after deducting from the gross amount of such premiums cancellations, return premiums, dividends, and the amount received as reinsurance, on business in this state. No deduction from the gross amount of premiums shall be made of cash surrender values of life insurance policies or contracts. The tax shall be due at the time of filing the statement required in subsection (a), and shall be payment in full of all demands of taxes on said company or of licenses for conducting said business of insurance, except the fees prescribed for agents' licenses and for the commission, and the tax prescribed in section 61–340 (section 1821, Revised Code of 1928)."

The facts disclose that the company mailed its checks at various times to the Corporation Commission sufficient to cover two per cent of all premiums collected by the company from workmen's compensation insurance and in the amount sued for herein. A letter of transmittal accompanied each of said checks, stating that it was in payment of the two per cent tax levied on said workmen's compensation premiums as assessed under the workmen's compensation statute. The checks carried the company's endorsement that they were for that particular purpose.

In addition, the company submitted checks to said commission covering a two per cent tax levied against all premiums collected on its general insurance business, except workmen's compensation premiums, as set forth above. A letter of transmittal accompanied

each of said checks stating that it was in payment of the two per cent tax levied on premiums, excluding workmen's compensation premiums, as assessed under said insurance statute.

The Corporation Commission alleged in its pleadings that all of the above amounts paid to it by the company were taxes due it under the provisions of the insurance statute, as amended; and asserted that no part of the moneys received by it and paid to the state treasurer and deposited in the general fund belonged to the state compensation fund.

The lower court held that the company had fully paid and satisfied its liability to the appellant, Industrial Commission, under said compensation statute, and that it was the duty of the Corporation Commission to deliver to the state treasurer the said checks received in payment of the liability imposed under both of said statutes; and that it was the duty of the state treasurer to then allocate said checks to the respective fund of the State of Arizona provided therefor under the provisions of the particular statutes.

The appellant, Industrial Commission, has appealed to this court, contending that the company should pay not only two per cent on all premiums, including workmen's compensation premiums under the insurance statute, but in addition thereto, should pay two per cent additional under the provision for taxing workmen's compensation premiums under the workmen's compensation statute.

The appellant contends that if the two statutes are interpreted as holding that after the company pays a two per cent tax into the state compensation fund and is thereafter exempted from paying additional tax on the same premiums under the insurance statute, as held by the lower court, it would amount to an unconstitutional interpretation and a

violation of the following sections of Article 9 of the Constitution of Arizona:

Section 1, which requires that all taxes shall be uniform upon the same class of property;

Section 2, which authorizes no exemption of property from taxation, with certain exceptions not applicable here;

Section 7, which bars the state from making any donation for the benefit of a private insurance carrier; and

Section 10, which bars any appropriation of public money in aid of a public service corporation.

However, counsel have not cited any authority in support of this contention and we are unable to find any.

■ If the two sections were reconciled as suggested by the appellant, so that the company had to pay four per cent on all premiums on workmen's compensation insurance, it would violate both of said sections, each of which provides that one payment shall be in lieu of all other taxes. In addition thereto such procedure would amount to double taxation, which is never favored and an intent to levy it should not be presumed. *Automobile Gasoline Co.* v. *City of St. Louis*, 326 Mo. 435, 32 S. W. (2d) 281.

■ The lower court adopted the view that the only way of reconciling the conflict between the statutes was on the theory that the special statute governing payment of workmen's compensation premiums constituted an exception to the general taxing statute; that the company was obligated to pay a two per cent tax on its workmen's compensation premiums under the workmen's compensation statute, and that this tax was in lieu of all other taxes upon workmen's compensation premiums. It then held that the company was obligated to pay a two per cent tax under the insurance statute on all premiums

of insurance other than workmen's compensation premiums. We believe this was a proper holding.

■ It is elementary that statutes are to be construed together when possible, and that repeals by implication are not favored. 25 R. C. L. 918, 919; *Beck* v. *Cox,* 77 W. Va. 442, 87 S. E. 492.

■ It is unquestionably the law that where a special and a general statute conflict, the special act constitutes an exception and controls the terms of a general act, since the legislature is not to be presumed to have intended a conflict. *Indian Fred* v. *State,* 36 Ariz. 48, 282 Pac. 930; *Industrial Commission* v. *Arizona State Highway Commission,* 40 Ariz. 163, 10 Pac. (2d) 1046.

This court held in *Redewill* v. *Superior Court,* 43 Ariz. 68, 29 Pac. (2d) 475, 478, as follows:

"It is the general rule of construction that where there is a general statute dealing with a subject in comprehensive terms and another dealing with a part of the same subject in a more minute and definite manner, the two should be read together and harmonized if possible, so as to give full effect to the legislative intent. . . . "

■ We conclude, therefore, that the company has fully discharged its liability to the appellant by submitting its checks to the Corporation Commission, and that upon the transmittal of such checks to the state treasurer, it became that official's duty to apply the amount in question to the expense reserve of the state compensation fund of appellant. The mechanics of allocating the money to the proper fund was completely beyond the control of the company.

In view of our holding, it is unnecessary to discuss other propositions of law raised in the briefs.

Judgment affirmed.

ROSS and STANFORD, JJ., concur.

NOTE: Because of the illness of Chief Justice Mc-ALISTER, the Honorable WM. G. HALL, Judge of the Superior Court of Pima County, was called in to sit in his place and stead.