326 P.2d 845

Bennie PETERSON, Petitioner,

v.

Honorable Al J. FLOOD, a duly elected, qualified and acting Justice of the Peace of the West Phoenix Precinct County of Maricopa, State of Arizona, Respondent.

No. 6650.

Supreme Court of Arizona.

June 11, 1958.

Marshall W. Haislip, of Phoenix, for petitioner.

Al J. Flood, in pro. per., and Charles C. Stidham, Maricopa County Atty. and Richard Kamps, Deputy County Atty., Phoenix, for respondent.

Robert Morrison, Atty. Gen. by Melvin J. Mirkin, Asst. Atty. Gen., Flynn & Allen, Phoenix, amici curiae, with permission of the Court.

UDALL, Chief Justice.

The sole legal question presented in this matter is: does the respondent justice of the peace, as a court, have jurisdiction to suspend the imposition of sentence on one convicted of a misdemeanor and place the defendant on probation?

We granted an original writ of prohibition to resolve this question. The facts giving rise to these proceedings are as follows: a criminal complaint was filed before respondent, Al J. Flood, justice of the peace of the West Phoenix precinct in Maricopa County, charging petitioner Bennie Peterson with the crime of failure to provide for a minor child, a misdemeanor; on April 1, 1958 the latter pleaded guilty to the charge and was by the court immediately placed under a six-months suspended sentence and placed on probation, conditioned upon, among other things, that he support said child and conduct himself as a law-abiding citizen. He was then given his liberty and returned to his regular employment with the Southern Pacific Company.

Shortly thereafter one of the judges of the superior court of Maricopa county, in ruling on a similar question, held that the justice courts of Arizona do not have jurisdiction to suspend the imposition of sentence and place a defendant on probation. Actuated *solely* by this ruling respondent cited petitioner Peterson to appear before the court on April 7, 1958, at which time the court announced to said petitioner that the judgment which had been entered would be vacated, probation terminated and that petitioner would thereupon be sentenced to incarceration in the county jail. It is admitted the terms of probation had in nowise been violated.

No question is raised as to prohibition being a proper remedy under the facts of this case.

■ ' It is well settled in this jurisdiction that the power of a court to suspend sentence in a criminal case is not an inherent power but exists solely by virtue of statute and may be exercised only in accordance therewith. State v. Bigelow, 76 Ariz. 13, 258 P.2d 409, 39 A.L.R.2d 979; Smith v. State, 37 Ariz. 262, 293 P. 23. The sole question here then is directed towards the meaning of our statutes.

The power or jurisdiction of a justice of the peace to suspend imposition of sentence in misdemeanor cases coming before the justice courts and place a defendant on probation has been uniformly accepted in this jurisdiction until now. It is urged that if there is a doubt as to such authority it should be resolved in favor of the prevailing practice. See, Bohannan v. Corporation Commission, 82 Ariz. 299, 313 P.2d 379; Maricopa County v. Trustees Arizona Lodge, 52 Ariz. 329, 80 P.2d 955. However, let us look to the statutes to see if legislative grant of authority to suspend sentences is extended to justice courts.

Previous to the 1956 revision and codification of our laws (particularly A.R.S. section 13–1657, subd. A 1), the pertinent section read, in part:

"The court, *judge or justice thereof,* may suspend the imposing of sentence * * * upon such terms and conditions as it shall determine, and shall place such person on probation, under · the charge and supervision of the probation officer of said court during such suspension; * * *" See, Sec. 1126 (1) P.C.1913; Sec. 5105(1) Revised Code of 1928; Sec. 44–2229, subd. 1 A.C.A.1939. (Emphasis supplied.)

It is urged in the brief amicus curiae, that (a) "judge or justice" did not mean justice of the peace and (b) if it did, removal of that phrase in the 1956 codification was a legislative repeal of the grant under A.R.S. section 1–102. It is further urged the lack of a probation officer in a justice court would indicate that the grant in section 13–1657, supra, was not intended to empower a justice court to suspend the imposition of sentence.

■ This section (before amendments) was modeled somewhat after the West's Ann.California penal code, section 1203 and was apparently adopted from there with some omissions. In re Keene, 47 Ariz. 191, 54 P.2d 791. While their construction is not binding it is persuasive. Cf. James v. State, 53 Ariz. 42, 84 P.2d 1081. California has continually held, beginning with the leading case of Ex parte Giannini, 18 Cal.App. 166, 122 P. 831, that this power extended to justices of the peace. See also, Ex parte Young, 121 Cal.App. 711, 10 P.2d ·154; In re Herron, 217 Cal. 400, 19 P.2d 4; further that justice courts

may grant probation summarily. Ex parte Goetz, 46 Cal.App.2d 848, 117 P.2d 47. They have also held that failure to place the defendant under the probation officer's control does not invalidate the order suspending sentence. In re Herron, supra; Ex parte Giannini, supra.

What is then the effect of the code commission's deletion of the words "judge or justice thereof", as it was finally adopted by the legislature in A.R.S. section 13–1657? The code commission undoubtedly did this in conformance with the legislative directive to them that:

> " * * * The commission shall not however, undertake to make any change of existing laws, but shall harmonize, clarify and remove inconsistencies where the same are found to exist; it being the intention of this Act that said commission shall in no manner assume to exercise legislative power, * * *." Chap. 103, section 3, S.L.1951.

The removal of this surplus phraseology did harmonize the wording of the Act which previously had used interchangeably the word "court" and the phrase "court, judge or justice." The word "court" is a generic term clearly embracing the words "judge or justice".

There is further reason for construing the procedure outlined in section 13–1657, supra, as being applicable to justice courts. Under the rule that statutes dealing with the same subject should read together and harmonized if at all possible, Redewill v. Superior Court, 43 Ariz. 68, 29 P.2d 475; Industrial Commission v. Hartford Acc. & Indem. Co., 61 Ariz. 86, 144 P.2d 548; let us look at A.R.S. section 22–313, which reads:

> "The rules of criminal procedure for the superior court, * * * shall apply to justice of the peace courts so far as applicable and when not otherwise prescribed."

Section 13–1657, supra, is not a rule of criminal procedure, but under the rule of statutory construction stated above as to harmonizing these sections with others (see, Rule 341, Rules of Criminal Procedure, 17 A.R.S.), it would appear the authority to suspend imposition of sentences and grant probation specifically provided for under section 13–1657 should apply to justice courts in so far as is applicable. The lack of a probation officer does not prevent justice courts from placing defendants on probation. The power to suspend is vested in the court and a probation officer is for the purpose of supervision only. This function should be performed either by the justice of the peace or a regular peace officer who may be used for such purpose.

The following unfair situation would result if justice courts could not suspend the imposition of sentences. Where an appeal from the justice court was taken to the superior court (under A.R.S. section 22–371) or the misdemeanor charge was filed directly in the superior court by information under the concurrent jurisdiction provisions of A.R.S. section 12–123, such a defendant could have his sentence suspended and probation granted while his "less fortunate" counterpart in the justice court could not. We cannot believe the legislature intended such an unfair distinction.

Reading the various sections of the statutes enumerated above, and under the clear duty of the courts to give meaningful operation to all its provisions, Mayor and Common Council of City of Prescott v. Randall, 67 Ariz. 369, 196 P.2d 477; Peterson v. Sundt, 67 Ariz. 312, 195 P.2d 158; Coggins v. Ely, 23 Ariz. 155, 202 P. 391; we hold the legislature has granted to justice courts the power to suspend/ the imposition of sentence and place defendants on probation.

The alternative writ of prohibition heretofore issued is made peremptory.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.