471 P.2d 731

**STATE of Arizona ex rel. E. Leigh LARSON, County Attorney for Santa Cruz County, Petitioner,**

**v.**

**Gordon FARLEY, Judge of the Superior Court of Santa Cruz County, Arizona; Lorin Gail SHELLEY, Real Party in Interest, Respondents.**

No. 10077.

Supreme Court of Arizona, In Banc.

July 10, 1970.

Rehearing Denied Sept. 15, 1970.

Gary K. Nelson, Atty. Gen., by E. Dennis Siler, Asst. Atty. Gen., for petitioner.

Jestila & Holroyd, by Donald D. Holroyd, Phoenix, for respondents.

McFARLAND, Justice.

This case is before us on a petition for special action, in which the petitioner alleges that Respondent Lorin Gail Shelley—hereinafter referred to as Shelley—the Real Party in Interest, was on November 26, 1969, judged guilty by the Justice of the Peace of Precinct No. 1, Santa Cruz County, of the offense of driving an automobile while under the influence of intoxicating liquor in violation of A.R.S. § 28–692, and was fined $220. This Court accepted jurisdiction in certiorari.

On May 22, 1970, Shelley filed a motion in the justice court to vacate the judgment on the grounds that the recent enactment § 36–142, A.R.S., enlarged the possible fine to more than $300. This would exceed the jurisdiction of the justice court under § 22–301, A.R.S., as amended, which reads in part:

"ARTICLE 1.    JURISDICTION
                   AND VENUE

"§ 22–301.    Jurisdiction of criminal actions

\*    \*    \*    \*    \*    \*

"4.    Misdemeanors and criminal offenses punishable by a fine not exceeding three hundred dollars, or imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment."

Section 36–142, A.R.S., as amended, provides for an additional ten per cent of the amount of a fine imposed in cases in violation of § 28–692.01 prohibiting the driving of an automobile while under the influence of alcoholic beverages, or drugs, and § 13–379 relating to drunk and disorderly conduct.

Shelley appealed to the Superior Court from the order denying his motion to vacate the judgment, and the Superior Court entered an order as follows:

"The Court having taken the Motion to Vacate Judgment under advisement and the Court now being satisfied that the Motion to Vacate Judgment is well taken under authority of the case of Frazier-vs-Terrill, 65 Arizona 131, [175 P.2d 438] and the Court being further of the opinion that the result of its determination of the question as aforesaid raises serious jurisdictional grounds in numerous similar actions, which will result in great congestion in the Superior Courts of the State of Arizona by reason of the Court's disposition in this case; and no speedy remedy by appeal appearing available to the State except by application to the Supreme Court for a Special Writ; and good reason appearing therefore, It Is Ordered that a stay in the Court's order vacating the judgment is necessary and proper, It is Ordered that unless this Court is otherwise enjoined or prohibited, it will enter judgment on July 1st, 1970, vacating the judgment of the Justice of the Peace Court, No. 1 precinct, adjudicating the defendant guilty of the offense of driving while under the influence of an intoxicating liquor on the ground that said Justice Court lacked jurisdiction to enter such judgment."

The question involved is whether § 36–142 increases the maximum penalty for driving a car while under the influence of intoxicating liquor to more than three hundred dollars, thereby exceeding the jur-

isdiction of the justice court. § 36–142 reads as follows:

"36–142. *Imposing additional percentage of certain fines as part of fine; disbursement of proceeds*

"A. In addition to every fine imposed against a person for driving or being in actual physical control of a vehicle while he is under the influence of intoxicating liquor or drugs, in violation of section 28–692, or for being drunk and disorderly, in violation of section 13–379, an additional ten per cent of the amount of the fine imposed shall be imposed by the court as a part of the fine.

"B. Notwithstanding any other provision of law to the contrary, the ten per cent added part of each such fine shall be transmitted by appropriate authorities to the state treasurer on or before the tenth day of each month, for deposit in the same account in which is deposited funds appropriated to the state department of health for use in administering the provisions of section 36–141. All monies deposited in such account under the provisions of this section are appropriated as a continuing appropriation to the State department of health, to be exempt from the provisions of section 35–173, relating to quarterly allotments, and shall be used by the department in administering the provisions of section 36–141."

In Frazier v. Terrill, 65 Ariz. 131, 175 P.2d 438, the question of the jurisdiction of the justice court was involved under § 57–126, A.C.A., 1939, as amended by Chapter 52, Laws of 1945, which provided that:

"Any person who takes, *possesses,* transports, buys, sells, or offers for sale, any deer, * * * shall be guilty of a misdemeanor, and shall be punished by a fine of not less than one hundred dollars nor more than three hundred dollars, * *; *and in addition thereto, is liable to an additional penalty of fifty dollars* for each *animal or part thereof,* or fish, or

bird, taken, destroyed, *possessed,* transported, * * *"

The maximum fine was provided as $300, and the penalty was in addition thereto. In determining that the justice court had jurisdiction, this Court held the additional sum was a penalty collected under civil procedure and no part of the fine.

We cannot agree with the "penalty" theory advanced by the state in its memorandum in the instant case:

"It is Petitioner's position herein, however, that the additional 10% sum imposed upon persons convicted of violating A.R.S. § 28–692 is not a fine in the nature of a criminal punishment, but rather constitutes an assessment of a 'penalty', and hence does not enlarge the criminal punishment which may be imposed under A.R.S. § 28–692.01."

The statute specifically provides under "A" that "an additional ten per cent of the amount of the fine imposed shall be imposed by the court as a part of the fine," and under "B" that "the ten per cent added part of each such fine shall be * * *." In both "A" and "B" the additional ten per cent of the amount is specifically made a part of the fine, while in Frazier v. Terrill, supra, it was held to be a penalty. We agree with the attorney general that the act is ambiguous, but the ambiguity lies in whether the legislature intended for the ten per cent to increase the fine beyond the $300.

Sec. 28–692.01 provides for punishment on a first conviction for driving a car while under the influence of alcoholic liquor by "not less than ten days, nor more than six months, by a fine of not less than one hundred dollars nor more than three hundred dollars, or both." In a second or subsequent offense, the maximum fine is also $300.

The question then is whether § 28–692.01 providing for a maximum of a $300 fine was amended by implication in the enactment of § 36–142. The same prin-

ciple would be applicable to a violation of § 13–379. Sec. 36–142 made no reference to the minimum or maximum of the fine that could be imposed. This involves a very basic rule of statutory construction. The general rule is that the court may look to prior and contemporaneous statutes in construing the meaning of a statute which is uncertain and on its face susceptible to more than one interpretation. If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law. As they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes. This rule of construction applies even where the statutes were enacted at different times, and contain no reference one to the other, and it is immaterial that they are found in different chapters of the revised statutes. In construing the statute, endeavors should be made to trace the history and legislation on the subject in order to ascertain the consistent purpose of the legislation.

In Estate of Stark, 52 Ariz. 416, 82 P.2d 894, this Court has clearly set forth this rule:

"We have repeatedly held that the cardinal rule of statutory construction is that we must, if possible, ascertain the intent of the legislature. There are many things which we are permitted and, indeed, required to take into consideration in ascertaining this, such as the language used, its grammatical construction, other statutes *in pari materia,* the general policy of the state, and many other well known rules of construction. * * *"

In Peterson v. Flood, 84 Ariz. 256, 326 P.2d 845, in holding that the justice court had authority to suspend sentence, we said:

"There is further reason for construing the procedure outlined in section 13–1657, supra, as being applicable to justice courts. Under the rule that statutes dealing with the same subject should read together and harmonized [sic] if at all possible, * * * [cases cited.]"

In the later case of Desert Waters, Inc. v. Superior Court, 91 Ariz. 163, 370 P.2d 652, we re-affirmed this rule when we said:

"Statutes that are in pari materia should be read together and harmonized if at all possible, Peterson v. Flood, 84 Ariz. 256, 326 P.2d 845 (1958). When statutes relate to the same subject matter, the later enactment, in the absence of any express repeal or amendment therein, is held to have been enacted in accord with the legislative policy embodied in the earlier statute, Frazier v. Terrill, 65 Ariz. 131, 175 P.2d 438 (1947); United States v. State of Arizona, 295 U.S. 174, 55 S.Ct. 666, 79 L.Ed. 1371 (1935). In so far as the provisions of a special statute are inconsistent with those of a general statute on the same subject, the special statute will control, Knape v. Brown, 86 Ariz. 158, 342 P.2d 195 (1959); Whitfield Trans., Inc. v. Brooks, 81 Ariz. 136, 302 P.2d 526 (1956). The general statute remains applicable, however, to all matters not dealt with in the specific statute, * * *"

In the case of City of Mesa v. Salt River Project Agr. Imp. & P. Dist., 92 Ariz. 91, 373 P.2d 722, we said:

"* * * While a statute may be repealed by implication as well as by direct language, such repeals are not favored and will not be indulged if there is any other reasonable construction. Southern Pac. Co. v. Gila County, 56 Ariz. 499, 109 P.2d 610. It is only when by no reasonable construction can two statutes be operative that the latter act repeals the former by implication. Burn-

side v. Douglas School Dist. No. 27, 33 Ariz. 1, 261 P. 629."

See also United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40; Ard v. State, 102 Ariz. 221, 427 P.2d 913; Frazier v. Terrill, supra; Ariz. Corp. Comm. v. Gem State Mut. Life Assn., 72 Ariz. 403, 236 P.2d 730; Isley v. School Dist. No. 2 Maricopa Co., 81 Ariz. 280, 305 P.2d 432; State v. McGriff, 7 Ariz.App. 498, 441 P.2d 264; cases cited in 82 C.J.S. Statutes § 366, at page 803 et seq.

The 1927 act provided for a fine of not less than $200 nor more than $500, Laws 1927, Chap. 6. This section was carried forward in the Revised Statutes of 1928, Sec. 1688. In 1935, the legislature amended the punishment provisions by making imprisonment in jail the sole punishment. Laws of 1935, Chap. 33. In the Laws of 1950, 1st Session, Chap. 3, which were carried in Ariz.Rev. Statutes § 28–692 (1956), the punishment was changed to a fine of not less than $100 nor more than $300 on the first conviction, and on a second conviction not more than $1,000. This was amended in 1959 by decreasing the maximum fine from $1,000 to $300 upon a second conviction. In contrast, the provisions of the Revised Statutes of 1913, Sec. 1308, limiting the jurisdiction of the justice courts to fines not exceeding $300, have remained substantially the same. Section 22–301, A.R.S., Revised (1956). It is therefore evident that the legislature found that the public interest was better served by reducing the maximum fine so as to give the justice courts jurisdiction of such offenses. This reduced the congestion in the superior courts, and provided an expeditious method of handling these cases. This past history makes it clear that had the legislature intended to increase the maximum fine provided for in § 28–692, it would have done so directly, as was done in the reductions of the fines in the past.

Section 36–141 grants authority to contract and pay for alcohol and drug-abuse services, and § 26–142 relates only to the means of financing the program. No reference is made to the maximum fine. There is nothing in the act to indicate in any way that the legislature gave any consideration to raising the maximum penalty. It is therefore evident that the legislature did not have any intention to change the maximum fine or thereby deprive the justice court of jurisdiction, but only intended to provide a means of raising money to carry out the program.

This is made apparent by subsection B of § 36–142, where the legislature refers to this as "a continuing appropriation." This is the only reasonable construction whereby all the statutes can be harmonized, and is in accord with the rule set forth in Desert Waters, Inv. v. Superior Court, supra, that the general statute remains applicable to all matters not dealt with in the specific statute. It is also consistent with the rule set forth in Frazier v. Terrill, supra:

"The intent of the legislature when a statute is found to be ambiguous may be gathered from statutes relating to the same subject matter—statutes in pari materia. On the presumption that whenever the legislature enacts a provision it has in mind the previous statutes relating to the same subject matter, it is held that in the absence of any express repeal or amendment therein, the new provision was enacted in accord with the legislative policy embodied in those prior statutes, and they all should be construed together. * * *"

We accordingly hold the maximum fine under each of the statutes, *including the additional ten per cent of the fine,* may not exceed $300.

The order of the Superior Court is vacated.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.