NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY ALAN TANNER, *Appellant.*

No. 1 CA-CR 21-0317
FILED 3-31-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201880343
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Nicole Countryman Attorney at Law, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

---

**G A S S**, Vice Chief Judge:

¶1          Jeffrey Tanner appeals his convictions for possession of dangerous drugs (methamphetamine), possession of narcotic drugs (cannabis), and possession of drug paraphernalia (methamphetamine related). We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          One night, Officer J.C. was watching traffic. J.C.'s canine partner, Loki, was with J.C. as Tanner drove by in a small truck. J.C. saw the truck had a bright white light shining from the bottom right of the license plate. J.C. pulled Tanner over because the light was shining away from the vehicle, obscuring the license plate.

¶3          J.C. told Tanner to step out of his vehicle. Tanner complied, and J.C. walked him to the back of the truck to show him the light. J.C. frisked Tanner before checking Tanner's license, insurance, and registration. While conducting this check, J.C. chatted with Tanner and asked him if he had an arrest record. Tanner admitted he had prior out-of-state arrests for theft and cocaine distribution. J.C. asked for permission to search the truck, to which Tanner replied "no." J.C. thought Tanner seemed nervous.

¶4          About four minutes into the stop, another officer arrived on the scene to assist J.C. J.C. asked the assisting officer to complete Tanner's written warning. While the assisting officer did so, J.C. deployed Loki to conduct a free air sniff around the truck. Loki gave a positive alert at the driver's side door, indicating the presence of narcotics.

¶5          After Loki's alert, J.C. again asked Tanner about his vehicle's contents. Tanner admitted he had methamphetamine, a methamphetamine pipe, and a marijuana pen in the truck. Upon searching the truck, J.C. found a small baggie of methamphetamine, a glass pipe in the center console, and a vaporizer pen smelling of marijuana on the driver's seat. J.C. placed Tanner under arrest.

¶6            The State charged Tanner with four felony counts: count 1, possession of dangerous drugs (methamphetamine); count 2, possession of narcotic drugs (cannabis); and counts 3 and 4, possession of drug paraphernalia—one methamphetamine related, and one cannabis related. Count 4 was dismissed before trial.

¶7            Tanner filed a motion to suppress, claiming: (1) the traffic stop lacked reasonable suspicion and (2) even if J.C. had reasonable suspicion to initiate the stop, he unconstitutionally prolonged the stop to conduct the free air sniff. He also argued any statements made during the stop were involuntary and violated *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶8            After an evidentiary hearing, the superior court partially denied Tanner's suppression motion. The superior court found J.C. had reasonable suspicion to justify the stop because Tanner's license plate was illegible at fifty feet, in violation of A.R.S. § 28-925.C. Though the superior court denied Tanner's motion to suppress the physical evidence, it found a *Miranda* violation and suppressed Tanner's statements.

¶9            A jury found Tanner guilty of: (1) possession of dangerous drugs (methamphetamine), (2) possession of narcotic drugs (cannabis), and (3) possession of drug paraphernalia (methamphetamine related). At sentencing, the superior court granted the State's motion to dismiss count 2 without prejudice. The superior court sentenced Tanner to six years' imprisonment on count 1, served concurrently with a two-year, three-month sentence on count 3.

¶10           This court dismissed Tanner's initial appeal as untimely. Tanner petitioned for post-conviction relief to allow a delayed appeal, which the superior court granted. Tanner then timely filed a notice of delayed appeal. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

**ANALYSIS**

¶11           Tanner contends the superior court improperly denied his motion to suppress the physical evidence. He claims the light on his truck was lawful and J.C. could read his license plate "once he got behind him." Tanner argues J.C. lacked reasonable suspicion of any traffic violation, making the stop an unlawful seizure.

¶12           This court reviews a denial of a suppression motion for an abuse of discretion and "may only consider evidence presented at the suppression hearing and view the facts in the light most favorable to

upholding the [superior] court's ruling." *State v. Havatone*, 246 Ariz. 573, 577, ¶ 15 (App. 2019). This court does not resolve conflicting testimony. *See State v. Stanley*, 167 Ariz. 519, 527 (1991). Instead, this court defers "to the [superior] court's factual findings, including findings on credibility and the reasonableness of the inferences drawn by the officer." *State v. Teagle*, 217 Ariz. 17, 22, ¶ 19 (App. 2007).

¶13 The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV; *see, e.g.*, *Terry v. Ohio*, 392 U.S. 1, 9 (1968). A traffic stop is a seizure, but an officer can stop a driver if the officer has reasonable suspicion a traffic violation has occurred. *State v. Sweeney*, 224 Ariz. 107, 112, ¶ 16 (App. 2010). A "good-faith, reasonable basis" for suspecting a violation is sufficient, even if facts later show no violation occurred. *See State v. Moreno*, 236 Ariz. 347, 353–54, ¶¶ 17, 18 (App. 2014) (affirming a finding of reasonable suspicion because the officer believed, though mistakenly, a vehicle had illegally tinted windows). This court reviews *de novo* whether the totality of circumstances gave rise to an objectively reasonable suspicion. *Sweeney*, 224 Ariz. at 111, ¶ 12.

¶14 Tanner argues he did not violate any traffic law because A.R.S. § 28-931.C.2 requires "[t]he light illuminating the license plate . . . [to] be white." Even if Tanner's light was white, the State counters, arguing Tanner violated a different statute: A.R.S. § 28-925.C—requiring a light which renders a license plate "clearly legible from a distance of fifty feet." At the suppression hearing, J.C. testified Tanner's license plate light was "really bright" and "directed away from the license plate towards the motoring traffic." Though Tanner claimed his plate was legible, J.C. testified the light prevented him from reading the plate until he "got up to the stop of the vehicle." On cross-examination, J.C. acknowledged he could read the license plate once he got behind Tanner, but J.C. did not clarify if that was before or after the stop. After hearing the conflicting testimony, the superior court found Tanner's license plate was not clearly legible from fifty feet because his plate light was not normal. We defer to the fact-findings of the superior court. *See Teagle*, 217 Ariz. at 22, ¶ 19.

¶15 To the extent Tanner claims his compliance with A.R.S. § 28-931.C.2 precludes any reasonable suspicion his light violated another statute, we disagree. This court reads statutes relating to the same subject matter in conjunction with related statutes "as though they constituted one law." *State v. Gates*, 243 Ariz. 451, 453, ¶ 7 (2018) (quoting *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122 (1970)). If we interpret A.R.S. § 28-931.C.2 to authorize a white light even if it obscures a vehicle's license plate, we would nullify A.R.S. § 28-925.C's "clearly legible" requirement. *See Gates*, 243 Ariz.

at 453, ¶ 7. Instead, we read the statutes in conjunction. *See id.* Arizona law, therefore, requires a light that is *both* white *and* clearly illuminates the plate from fifty feet.

**¶16** Viewed in the most favorable light, the suppression hearing evidence supports the superior court's finding: J.C. had a reasonable suspicion Tanner violated A.R.S. § 28-925.C. Accordingly, the superior court did not abuse its discretion when it denied Tanner's suppression motion.

## CONCLUSION

**¶17** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA