NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JESSICA ANN WILSON,
*Petitioner/Appellant/Cross-Appellee,*

*v.*

JOSEPH ROBERT NORIEGA,
*Respondent/Appellee/Cross-Appellant.*

No. 1 CA-CV 21-0048 FC
No. 1 CA-CV 21-0449 FC
(Consolidated)
FILED 8-16-2022

Appeal from the Superior Court in Maricopa County
No. FC2018-001816
The Honorable Kevin B. Wein, Judge

**VACATED AND REMANDED IN PART; MODIFIED IN PART;
AFFIRMED IN PART**

COUNSEL

Katz & Bloom, Phoenix
By Jay R. Bloom
*Counsel for Petitioner/Appellant/Cross-Appellee*

Woodnick Law PLLC, Phoenix
By Markus Risinger
*Counsel for Respondent/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1　　　　Jessica Ann Wilson (Wife) challenges the decree dissolving her marriage to Joseph Robert Noriega (Husband) and the denial of her motion to correct the decree. For the reasons stated below, the spousal maintenance award is vacated and remanded for further consideration, the order equalizing the financial benefits paid by the community business is modified and the denial of Wife's request for attorneys' fees is vacated and remanded. All other rulings are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　The parties married in 1995 and have one child who was a minor at the time of the dissolution. During the marriage, the community owned, and the parties operated, a masonry business. The office building was on the same property as the parties' marital home. Along with paying Husband and Wife each $6,500 in monthly salary, the business paid many of the family's living expenses, including utilities, housing expenses, personal vehicle expenses and motor home and sand truck payments. This continued during the divorce proceedings. The parties jointly retained an accountant to value the business and to reconcile personal and other expenses the business paid in a reconciliation report.

¶3　　　　The parties agreed that Husband would receive the business but disputed how he would pay Wife for her interest. The court valued the business at $1,020,000, an amount not challenged here. The court found that the business paid Wife $46,558.58 more in non-salary benefits than it paid Husband during the divorce proceedings, and reduced Wife's share by that amount. Husband was ordered to pay Wife $463,441.42 for her share of the business, but was allowed to do so in monthly payments of $8,000 starting January 1, 2021, with interest accruing after June 1, 2021, if not paid in full. The court did not impose a lien to secure Wife's interest, as she requested.

¶4          The parties valued the marital home at $1,090,000. If Husband could not refinance the debt on the home and pay Wife her half of the equity within three months, the court ordered the parties to sell the home and split the proceeds equally. Husband paid Wife about $275,000 for her share of the equity in the home a few months after the entry of the decree.

¶5          The decree awarded Wife spousal maintenance of $1,000 a month for five years, significantly less than the $5,800 a month she had requested. This amount was based, in part, on Wife's earning ability of $3,640 a month, and the award of over $700,000 in community assets, including an "income stream of $8,000 per month for the next five years"

¶6          Wife appealed, and while the appeal was pending, she petitioned for contempt and sought to enforce the decree. Husband responded and counter-petitioned for relief from the decree. This court stayed the appeal so the superior court could rule on the competing requests. During the stay, Wife also moved to correct the decree. The court summarily denied Wife's motion to correct, and the parties settled the other post-decree issues. Wife also appealed the denial of her motion to correct. This court has jurisdiction over Wife's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) & (2) (2022). *See also Yee v. Yee*, 251 Ariz. 71, 73 ¶ 1 (App. 2021).[1]

## DISCUSSION

### I.     The Spousal Maintenance Award is Vacated and Remanded.

¶7          The court found Wife was entitled to an award of spousal maintenance, a finding Husband does not challenge on appeal. Based on Wife's anticipated earnings of $3,640 and the "income stream of $8,000 per month for the next five years" to pay her for her share of the business, the court determined that she could meet her reasonable needs with a spousal maintenance award of $1,000 a month for five years. Wife argues the court erred in considering the $8,000 monthly payment for her share of the business as part of her monthly "income stream."

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. Although Husband filed a cross-appeal, he has not provided a statement of issues presented for review in the cross-appeal, meaning they are waived. *See* ARCAP 13(g).

¶8        In determining the amount and duration of a spousal maintenance award, courts must consider several statutory factors, including "the financial resources of the party seeking maintenance, *including marital property apportioned to that spouse*." A.R.S. § 25-319(B)(9) (emphasis added). As the court correctly found, Wife received about $700,000 in marital property, mostly consisting of her share of the marital home and the community business. Husband paid Wife about $275,000 for her share of the equity in the marital home. Wife, however, did not receive a lump sum for her share of the business. Instead, Husband is paying Wife $8,000 a month until her share is paid off. If Husband regularly pays, Wife will be paid in full in about five years.

¶9        The $8,000 monthly payments are marital property awarded to Wife as an asset, not a stream of income. Like the lump sum amount Wife received for her share of the marital home, the court can consider this marital property for purposes of spousal maintenance. *See Deatherage v. Deatherage,* 140 Ariz. 317, 320 (App. 1984) (as used in A.R.S. § 25-319, property "means all property capable of providing for the reasonable needs of the spouse seeking maintenance").[2] But the monthly distribution of this asset is not an "income stream" for Wife. And a spouse "should not be expected to live off both the principal, and interest, exhausting whatever financial reserves she possesses to the extent that when she no longer had any earning capacity there would be nothing left upon which she could draw." *Thomas v. Thomas*, 142 Ariz. 386, 391 (App. 1984) (citing *Wineinger v. Wineinger,* 137 Ariz. 194 (App. 1983)). It, therefore, was error to categorize the $8,000 monthly payments as an "income stream" when, in fact, they were distributions to Wife over time of her share of the marital property. Moreover, the record does not show how the five-year, $1,000-per-month, spousal maintenance award allows Wife to transition to financial independence.

---

[2] Although *Deatherage* interpreted A.R.S. § 25-319(A) to determine if the spouse was entitled to support, the same approach applies in determining the amount of such an award under A.R.S. § 25-319(B). *See State ex rel. Larson v. Farley*, 106 Ariz. 119, 122 (1970) (courts construe statutes relating to the same subject together and seek to achieve consistency).

¶10        Given the award in the decree, Wife would have to spend a significant portion of her marital assets during those five years (including the monthly distribution of marital property), leaving her without adequate resources to support herself afterward. Wife's financial affidavit showed she had more than $9,000 in monthly expenses.[3] The court found Wife could reduce her anticipated $2,500 mortgage expense by using the equity from the marital home to purchase a new home "without a significant mortgage." Although such a purchase would reduce Wife's anticipated expenses, it would also deplete the marital assets awarded to her and Wife would need to use a significant portion of the $8,000 monthly payments for her share of the business to meet her anticipated expenses. Doing so for five years, when Husband's spousal maintenance obligation and the "income stream" from the equalization payment expires, will result in Wife having less than half of her share of the community business (slightly more than $200,000) left to support herself in addition to her monthly income. Given Wife's age, earning ability, and expenses, this remaining marital property does not appear sufficient to provide for Wife's needs.

¶11        One goal of spousal maintenance is to transition the receiving spouse to financial independence. *See Rainwater v. Rainwater,* 177 Ariz. 500, 503 (App. 1993). The award here does not achieve this goal, instead requiring Wife to deplete a significant portion of her share of the marital property within five years. *See Wineinger*, 137 Ariz. at 198 (affirming award of spousal maintenance because without it, the receiving spouse would dissipate the principal and interest of the money awarded to her to meet her needs, leaving nothing for retirement years). Nor does the record show that Wife's earning ability will have increased at the end of the five years. There is no evidence that Wife, who has a high school diploma and has not worked outside the family business for many years, was completing a degree or training program.

¶12        Husband argues that the evidence showed he could not afford to pay the $5,800 Wife sought in support. To be sure, the court did not have to award Wife the full amount she requested. That said, the record also shows that Husband might have more discretionary income from the community business because it no longer would be paying Wife's salary, utilities, housing expenses, personal vehicle expenses and the community's motor home and sand truck payments. Although the court did not have to state its reasons for the award absent a request for written findings of fact

---

[3] Wife's affidavit conflicts with her contention that her reasonable monthly needs are $12,640, and the record does not support her argument that the court found she had $12,640 in reasonable monthly needs.

and conclusions of law which was not made here, *see* Ariz. R. Fam. Law. P. 82, the evidence does not support the spousal maintenance award. For that reason, it is vacated and remanded for further consideration.

## II.     Property Allocation.

¶13     The allocation of community property is reviewed for an abuse of discretion. *Davies v. Beres,* 224 Ariz. 560, 562 ¶ 6 (App. 2010).

### A.     The Calculation of the Equalization Payment Based on the Reconciliation Report.

¶14     The community business continued to pay the parties' personal expenses during the litigation. Based on the reconciliation report and testimony, the superior court found Wife received $46,558.58 more from the business than Husband. As a result, it reduced Wife's share of the business by $46,558.58. This was error. To equalize the amount of non-salary benefits the parties received, the court should have ordered Wife to repay half that amount, or $23,279.29.

¶15     Husband contends the equalization order is correct because the court ordered the parties to return the amounts withdrawn from the business for personal expenses. He misstates the record. Only Wife's share of the business was reduced. And even if the excess amount Wife received is viewed as waste under A.R.S. § 25-318(C), Husband is only entitled to his share of that amount. The order offsetting Wife's interest in the community business is modified to reduce her share by $23,279.29.

### B.     The Court Did Not Err in Allowing Husband to Pay Wife for Her Share of the Community Business Over Five Years.

¶16     Wife argues that allowing Husband to pay her for her interest in the business in $8,000 monthly installments over five years is inequitable. Although Wife would prefer a lump sum payment, the superior court has discretion to determine the appropriate manner to equitably allocate assets. Because Wife received an equal share of the assets, the allocation was equitable. *See* A.R.S. § 25-318(A). Wife has thus shown no error.

### C.     The Court Did Not Err by Declining to Impose a Lien.

¶17     "The court may impress a lien on the separate property of either party or the marital property awarded to either party in order to secure the payment of . . . [a]ny interest or equity the other party has in or to the property." A.R.S. § 25-318(E)(1). By its own terms, the imposition of

a lien is discretionary. The statute does not identify any specific factors the court should consider in exercising its discretion. Although the court could have imposed a lien, Wife has failed to show how the court abused its discretion in not doing so here.

### III.   Attorneys' Fees and Costs.

**¶18**        The superior court denied Wife's request for attorneys' fees. Because the spousal maintenance award is vacated and remanded for reconsideration and the equalization payment is modified in Wife's favor, the fee award is vacated, and the issue is remanded for further consideration after the resolution of the substantive issues on remand. Both parties request an award of attorneys' fees on appeal under A.R.S. § 25-324. After considering the reasonableness of the parties' positions and Husband's greater financial resources post-decree, Wife's request is granted. Wife is also entitled to her costs on appeal under § 12-342, both fees and costs contingent upon her compliance with ARCAP 21.

### CONCLUSION

**¶19**        The spousal maintenance award is vacated and remanded for further consideration consistent with this decision. The equalization payment related to the reconciliation report is modified to show that Wife owes Husband $23,279.29 and Wife's interest in the community business is modified to reflect this judgment. The denial of Wife's request for attorneys' fees by the superior court is vacated and remanded. All other rulings in the decree are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA